ALBERTO LOMBARDI *vs.* ETTORE FORTE.

FILOMENA PIZZANO *vs.* SAME.

PIETRO DE MINICO *vs.* SAME.

Suffolk.    November 15, 1916. — May 23, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Exceptions.

No exception lies to the refusal of a judge before whom without a jury a case
is tried on issues of fact to make findings or rulings that are founded on the as-
sumption that the testimony introduced by the excepting party is true, as the
judge has a right to disbelieve such testimony.

THREE ACTIONS OF CONTRACT by different plaintiffs against the
same defendant to recover damages for the loss of or damage to
certain trunks containing food stuff alleged to have been left by
the plaintiffs at the defendant's place of business at Naples in the
Kingdom of Italy under an alleged contract by the defendant to
ship the trunks on board the steamship Canopic which was to sail
from Naples for Boston on September 10, 1912.  Writs in the
Municipal Court of the City of Boston dated May 13, 1915.

The evidence at the trial in the Municipal Court is described
in the opinion.  At the close of the evidence the plaintiffs asked the
judge to make the following findings and rulings, besides one that
was waived and three that were made by the judge.

" 1.  That the defendant was, in September, 1912, engaged in the
business of steamship agency in Boston and in Naples, Italy.

" 2.  That the defendant's agents or servants, in Naples, Italy,
undertook to convey the plaintiffs' trunks to the steamship Ca-
nopic, for the sailing of September 10, 1912, from the defendant's
steamship agency office in Naples, Italy.

" 3.  That the undertaking by the defendant's agents or servants
in Italy to convey the plaintiffs' trunks to the steamship Canopic
on time for the sailing of September 10, 1912, is an act in the ordi-
nary course of the steamship agency business;  and that it thereby
becomes the defendant's act."

" 8.  That upon all the evidence judgment shall be for the
plaintiffs."

The judge refused to make any of these findings or rulings. He made the findings that are quoted in the opinion and found for the defendant in each of the three cases. At the request of the plaintiffs he reported the cases to the Appellate Division.

The Appellate Division made orders dismissing the report in each of the cases; and in each case the plaintiff appealed.

*V. Brogna,* for the plaintiffs.

*J. H. Blanchard,* (*V. Garro* with him,) for the defendant.

LORING, J. This appeal is wholly without merit.

The undisputed facts of the case were these: The defendant was engaged in Boston in the business of selling steamship tickets. In addition he carried on the business of banking in Naples. In July, 1912, the plaintiffs bought from the defendant in Boston steamship tickets from Boston to Naples. At that time the defendant wrote to his agent in Naples stating that he had "embarked" the plaintiffs in the "Taormina" and that, "We recommend that you direct them as they are slightly acquainted with Italy and to aid them in whatever they might need. They must all return in two or three months and have assured us that they will go to you for their return passages. Have them give you their address in their Province and about the time of their return remind them by letter of their promise." At the same time he gave to the plaintiff Lombardi a letter in which he said: "We hereby renew the recommendations contained" in the letter set forth above.

The plaintiffs or one of them testified that when they bought their steamship tickets in Boston the defendant told them to take the letter to his bank in Naples and "to ask there for any accommodations they needed and his employees there would give it to them and that they could pay for the tickets at his place of business in Boston on their return." There was evidence that on their arrival the plaintiffs went to the defendant's bank in Naples and presented the letter given to Lombardi; that a few weeks later they went again to the bank and on August 20 went there a third time, and that at that time they told a man named Caroli, an employee of the defendant, "that they had trunks with food stuffs that they desired to ship with them;" that Caroli gave them some stickers on which was written the defendant's name with his address in Naples and in Boston. The stickers had "space for address" and there was evidence that Caroli then told them to place the stickers

upon the trunks and that he would look after the rest. In addition there was evidence introduced by the plaintiffs that a day or two before sailing they went to the defendant's bank in Naples to inquire about their trunks and were told that "they would be shipped with them on the same steamer, and were shown their trunks in the defendant's bank."

The defendant introduced evidence that the trunks never came to the defendant's bank in Naples. Caroli testified that the plaintiffs came to the bank on the morning of the sailing of the steamship on which they sailed for Boston and that at that time he told them it was too late to ship the trunks on that steamship but that he would send them on the first opportunity.

It was admitted that the trunks of Lombardi and De Minico were never received by them and that Pizzano's trunk came in the year 1914 with contents so damaged as to be a total loss.

At the trial the plaintiffs offered evidence of a custom in Boston of persons engaged in the business of selling foreign steamship tickets and banking "relative to the carrying or forwarding of trunks for persons engaging passage through them." This was excluded and exception taken. A witness was then asked: "if in Boston the carrying and forwarding of trunks by persons engaged in the business of selling foreign steamship tickets and banking was an act within the ordinary course of that business." This was excluded and an exception taken. The plaintiffs made the four requests for findings and rulings set forth in the statement of the case.

The judge found, "that incidentally in connection with that business [of banking] he [the defendant] occasionally procured steamship tickets for patrons intending to sail from Naples to Boston; that the defendant's agents, or servants in Naples, agreed to see to it that the plaintiffs' trunks were shipped at the first opportunity possible which might be via steamship Cretic, or possibly thereafter through New York; that this agreement, as to the trunks, was not in the ordinary course of the defendant's business, as conducted in Naples; that such services as the defendant rendered the plaintiffs in connection with these trunks were rendered gratuitously."

The case is here on a report which ends with these words: "The plaintiffs claiming to be aggrieved by the refusal to rule and find

as requested, I hereby report the same to the Appellate Division for determination."

1. The plaintiffs' first contention is that the judge was bound to find on the evidence introduced by them that an agreement was made in Boston to ship back anything which the plaintiffs requested the defendant's agent in Naples to ship to Boston for them to be paid for by them on their return to Boston. It is plain that the defendant's letters did not amount to such a contract. Apart from the letters it is plain that the plaintiffs' evidence did not come up to evidence of such a contract. But the decisive answer is that the judge was not bound to believe the plaintiffs' evidence. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314. And from his finding it is plain that he did not believe it.

2. The judge having found that no contract was entered into in Boston, evidence as to the custom in Boston was not material and the exceptions taken to the refusal to receive it must be overruled.

3. What has been said disposes of the requests for findings and rulings.

We are of opinion that the appeal in this case was frivolous and immaterial and that the appellee is entitled to double costs from January 6, 1916, the date of the report by the judge of the Municipal Court.

The order dismissing the report must be affirmed with double costs from that date and it is

*So ordered.*