FRANK J. DUGGAN *vs.* LEWIS A. WOODIS.

Worcester.   September 25, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Agency,* Existence of relation, Scope of employment.   *Practice, Civil,* Request
   for ruling, Exceptions.

In an action for personal injuries and property damage resulting from alleged
   negligent operation of an automobile owned by the defendant and driven
   by one alleged to be his servant or agent, the existence of the agency and
   the scope of the agent's employment were in issue.   Upon evidence warrant-
   ing the findings, a judge found in substance that the alleged agent, licensed
   to operate a motor vehicle but not as a chauffeur, for some time previous to
   the accident had been in the employ of the defendant and had driven trucks
   of the defendant and had received pay therefor; that the defendant owned
   several trucks and motor vehicles; that on the day of the accident the
   alleged agent, acting for himself and several companions who shared the
   expense with him, rented the automobile from the defendant at noon for
   the day for a pleasure trip of their own; that they returned to the defendant's
   garage somewhere about ten o'clock in the evening, that shortly afterwards
   upon receipt of a telephone call the alleged agent again took the car and
   went out with it, and that, while he then was out with the car, the accident
   took place.   *Held,* that
      (1) A conclusion by the judge, that the plaintiff had not sustained the
   burden of proving that the alleged agent was at the time of the accident in
   the employ of the defendant and engaged in the business of the defendant,
   was warranted;
      (2) A ruling that on all the evidence the plaintiff could not recover was
   warranted.
In an action of tort wherein the declaration contains two counts, each alleging
   as the basis of the plaintiff's claim "negligent" operation of an automobile
   by the defendant, his agents or servants, a request by the plaintiff for a
   ruling, that " on all the evidence the plaintiff is entitled to recover," does
   not raise the question, whether the plaintiff was entitled to recover on the
   ground that, by reason of a violation of St. 1915, c. 16, § 2, the defendant
   permitted his automobile to become a trespasser on the highway and there-
   fore was liable for the plaintiff's injuries regardless of whether the driver
   of the defendant's car was or was not negligent or was or was not engaged
   in the business of the defendant; and, since a denial of such a request must
   be presumed to have been made with reference to the pleadings, an excep-
   tion to such a refusal must be overruled.

TORT, with a declaration, quoted in the opinion, setting
forth claims for personal injuries and property damage.
Writ dated September 22, 1920.

In the Superior Court, the action was heard by *Bishop*, J., without a jury. Material findings and rulings by the judge are described in the opinion. There was a finding for the defendant. The plaintiff alleged exceptions.

*F. P. Ryan*, for the plaintiff.

*C. W. Proctor*, (*J. C. McDonald* with him,) for the defendant.

PIERCE, J.' This is an action of tort, brought by the plaintiff against the defendant to recover damages for injury to his person and to his automobile as a result of a collision.

The claim of the plaintiff is set out in two counts of his declaration:

" Count 1. The plaintiff says that on or about the 22nd day of August, 1920, he was riding in an automobile along Mechanic Street in the city of Worcester, and in the exercise of due care; that the defendant, his agents or servants negligently propelled an automobile into and against the automobile of the plaintiff, causing the plaintiff to be injured about the head, back and limbs.

" Count 2. The plaintiff says that on or about the 22nd day of August, 1920, he was riding in an automobile along Mechanic Street in the city of Worcester, and in the exercise of due care; that the defendant. his agents, or servants, negligently propelled an automobile into and against the automobile of the plaintiff; that the automobile of the plaintiff was damaged greatly necessitating the expenditure of large sums of money to have same repaired, and that the plaintiff was compelled to pay large sums of money for the use of other automobiles, while his automobile was being repaired."

The defendant's answer was a general denial and a plea of contributory negligence.

The case was tried before a judge of the Superior Court sitting without a jury. There was evidence sufficient to warrant the judge in finding that the plaintiff was in the exercise of due care; and that the defendant was negligent, if the judge should find that the driver of the automobile at the time of the accident was the servant of the defendant and was then engaged in the business of the defendant.

*Porcino* v. *DeStefano,* 243 Mass. 398. *Lowe* v. *Antonelli,* 245 Mass. 237.

The judge found that the automobile, operated by one Mullins at the time of the accident, was owned by the defendant and was registered in the name of, and had attached thereto number plates issued to, the defendant; that " the automobile operated by Mullins at the time of the accident was one of several automobiles and trucks owned and used by the defendant in the conduct of his business of carrying passengers and merchandise for hire;" that " Mullins had an operator's license, but did not have a chauffeur's license;" that " Mullins for some time prior to the date of the accident had been in the employ of the defendant and had driven trucks of the defendant and had received pay therefor;" that " the defendant knew . . . Mullins had a license to operate motor vehicles, but . . . did not know whether such license had been issued to Mullins as an operator or as a chauffeur;" that " on the day of the accident Mullins acting for himself and several companions who shared with . . . [him] in the expense, rented the automobile from the defendant for the day and went on a pleasure trip of their own, to Revere Beach;" that " during the period while the automobile was so hired of the defendant, Mullins did not operate . . . [it] for pay or compensation;" that he " returned to the defendant's garage somewhere about ten o'clock in the evening, and shortly afterwards upon receipt of a telephone call again took the car, which he had rented at noon for the day, and went out with it, and that while so out with the car the accident took place." Upon the foregoing findings of fact the judge ruled that " the plaintiff has not sustained the burden of proof to show that Mullins was at the time of the accident in the employ of the defendant and engaged in the business of the defendant at the time of the accident;" and further ruled " that on all the evidence the plaintiff cannot recover." The plaintiff duly excepted to these rulings.

In support of his exceptions the plaintiff argues that the judge was clearly wrong and guilty of manifest error in concluding that " the plaintiff has not sustained the burden

of proof to show that Mullins was at the time of the accident in the employ of the defendant and engaged in the business of the defendant." A careful review of the reported evidence and examination of the cases cited in the plaintiff's brief in support of his contention leads us to the conclusion that the findings of fact of the judge were fully warranted.

The plaintiff further contends that he was entitled to a ruling that " on all the evidence the plaintiff is entitled to recover." He posits this request upon the evidence and that part of St. 1915, c. 16, § 2, which reads: " Every manufacturer of or dealer in motor vehicles may make application, by mail or otherwise, upon a blank provided by the commission for a general distinguishing number or mark, instead of registering each motor vehicle owned or controlled by him, . . . and all motor vehicles owned or controlled by such manufacturer or dealer shall be regarded as registered under such general distinguishing number or mark until sold or let for hire or loaned for a period of more than five successive days." Obviously the claim of the plaintiff is that the car ceased to be a registered car when let for hire to Mullins and his companions; that when it was used in the public streets with the permission of the defendant it was a public nuisance and outlaw and the defendant would be liable for any injury caused by it to the plaintiff, regardless of whether the driver was or was not negligent or was not engaged in the business of the defendant. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Gould* v. *Elder,* 219 Mass. 396. *Pierce* v. *Hutchinson,* 241 Mass. 557. *McDonald* v. *Dundon,* 242 Mass. 229.

The question presented by the present argument is not shown by the record to have been raised by any specific request for findings or rulings. The declaration contains only the counts above set forth. In this state of the record it must be presumed that the rulings of the judge were made with reference to the state of the pleadings; and that the only question raised upon the record is, Was there any evidence of negligence of the defendant, or of his agents or servants, of the kind alleged in the declaration? *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16.

*Granara* v. *Jacobs,* 212 Mass. 271, 275.    *Park & Pollard Co.*
v. *Agricultural Ins. Co.* 238 Mass. 187, 195.

It results that the rulings were right and the exceptions
must be overruled.

*Exceptions overruled.*