MICHAEL DE SIMONE *vs.* ARTHUR L. BARR.

Suffolk. October 20, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Motor Vehicle,* Registration, Unlawful use. *Nuisance.*

At the trial of an action for personal injuries alleged to have resulted from a collision with a motor vehicle registered by the defendant as a dealer under G. L. c. 90, § 5, and alleged by the plaintiff to have been "loaned" at the time of the collision for more than five successive days, within the meaning of the statute, there was evidence merely showing that the motor vehicle had been used by the person who was driving it at the time of the accident "for several months prior to the accident"; that he "used the car 'only as a loan;' . . . that he used the car to drive to Boston to buy supplies; . . . that the automobile in question was kept at all times in the defendant's garage"; that the car was "loaned" to him when he went to work for the defendant in January, 1918, and he used the car until he ceased to work for the defendant in December, 1920. A verdict was ordered for the defendant subject to exceptions by the plaintiff. *Held,* that

(1) The "loaning" of a motor vehicle on different occasions during a period of more than five days is not illegal; it is a "loaning" for a period of more than five successive days which is prohibited;

(2) A finding of an unlawful "loaning" under the statute would not have been warranted;

(3) The verdict was ordered properly.

TORT for personal injuries received in a collision of a motor vehicle in which the plaintiff was riding with a motor vehicle of the defendant operated by one Tirrell; the declaration as

amended being in two counts and the plaintiff in the first count alleging as a cause of action negligence in the operating of the defendant's automobile, and, in the second count, unlawful maintenance of the defendant's automobile on the highway. Writ dated October 18, 1921.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is described in the opinion. At the close of the evidence, on motion by the defendant, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

In this court, the plaintiff relied only on a contention that he was entitled to go to the jury on the second count of the declaration.

The case was submitted on briefs.

*S. L. Bailen & R. B. Brooks,* for the plaintiff.

*L. C. Doyle,* for the defendant.

CARROLL, J. The plaintiff was injured by reason of the collision of a motorcycle, in the side car of which he was riding, with an automobile operated by one Tirrell and owned by the defendant. Tirrell was employed by the defendant, but at the time of the collision he was driving the automobile for his own purposes, and not in connection with the defendant's business. In the Superior Court a verdict was directed for the defendant.

The automobile was lent to Tirrell. He was using it on an errand of his own. This evidence was not contradicted. In these circumstances the defendant is not liable for the negligence of Tirrell. *Marsal* v. *Hickey,* 225 Mass. 170.

There was evidence that the automobile was registered "under a number plate issued to the defendant Barr as a dealer of cars, . . . that the number plate of the car was 01407 D, and that this is a dealer's number"; that "the automobile which figured in the accident had been used by" Tirrell "for several months prior to the accident"; that he "used the car 'only as a loan'; . . . that he used the car to drive to Boston to buy supplies; . . . that the automobile in question was kept at all times in the defendant's garage"; that the car was "loaned" to him (Tirrell) when he went to work for the defendant in January, 1918, and he used the car until he

ceased to work for Barr in December, 1920. It also appeared that Tirrell had an operator's license but not a chauffeur's license.

The plaintiff contends that the defendant's motor car was registered under G. L. c. 90, § 5. That section provides that all motor vehicles owned or controlled by a dealer shall be regarded as registered under the general number or mark issued to him by the registrar, "until sold or let for hire or loaned for a period of more than five successive days." The contention of the plaintiff is that, the automobile in question having been registered under this section of the statute, it was "loaned" for more than five successive days and it therefore ceased to be a registered car; and when used by Tirrell on the public ways with the permission of the owner, it was a public nuisance. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443.

Assuming that the automobile was registered under this section, and assuming, without deciding the point, that if said section was in fact violated the vehicle when used with the defendant's permission upon the public highways would be an outlaw, there is nothing to show that it was "loaned" for more than five successive days within the meaning of the statute. It "was kept at all times in the defendant's garage." It was used by Tirrell in the defendant's business and was "loaned" to him at different times during the term of his employment, but the evidence does not show that at any time it was out of the defendant's possession for five successive days or was "loaned" for that length of time. When the car was operated by Tirrell for his own pleasure he "never paid for it and the use of it was not included in his salary." The occasional "loaning" of a motor vehicle during a period of time of more than five days is not illegal; it is a "loaning" for a period of more than five successive days which is prohibited. The automobile was not lent to Tirrell in violation of the statute, when he operated it in the defendant's business as his agent. And even if the defendant was a dealer in the sense in which that word is used in the statute, the evidence does not show there was a "loaning" of the vehicle for more than five successive or consecu-

tive days in violation of the statute.  See *Duggan* v. *Woodis*, 246 Mass. 431.

Tirrell had an operator's license.  We do not understand that the plaintiff now contends that the fact that he did not have a chauffeur's license is material.

*Exceptions overruled.*