FANNY GILMAN *vs.* FRANK ZIRKIN.

Hampden.  September 20, 1928. — December 22, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Lien. Conversion. Replevin.*

One entitled to a lien upon a coat worth more than $20 for labor performed
and materials furnished in its repair under an oral contract which did
not fix the charges to accrue is not liable in an action for its conversion
brought by the owner after he had sued out a writ of replevin for the
coat, the writ had been served on the defendant, and the defendant still
had refused to deliver the coat by reason of his lien; in such circum-
stances, G. L. c. 255, § 36, did not confer upon the owner the right of
possession necessary to the maintenance of an action for conversion.

TORT for conversion of a fur coat. Writ in the District
Court of Springfield dated November 11, 1927.

Material evidence and rulings by the judge at the trial in
the District Court are stated in the opinion. The judge
found for the defendant and reported the case to the Appel-
late Division for the Western District. The report was or-
dered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*L. C. Henin,* for the plaintiff.

*G. A. Bacon, N. P. Wells, & S. W. Weltman,* for the
defendant.

WAIT, J. The plaintiff sued in tort for the conversion of
a fur coat. The defendant denied any conversion, and set
up a lien for labor and materials in repairing the coat. The
District Court of Springfield found that the defendant re-
ceived the coat, which was worth more than $20, from the
plaintiff for the purpose of repairing it; that he furnished
materials and performed labor pursuant to the contract for
repair which entitled him to a lien on the coat for $75; that
the contract was oral and there was no writing stating the
aggregate amount of charges to accrue; that the plaintiff
disputed the charge and demanded the coat; that the defend-
ant refused to give it up, claiming his lien; that the plaintiff

sued out a writ of replevin, and the defendant, relying upon
and asserting his lien, refused delivery to the officer who de-
manded the coat.   It held that trover could not be main-
tained under these circumstances; and remitted the plaintiff
to her suit in replevin.   The Appellate Division dismissed
a report.   This appeal followed.

There is no merit in the appeal.   The facts as found de-
feat the action of trover.   There was no conversion in refus-
ing delivery to the plaintiff while the defendant was entitled
to maintain possession by virtue of his lien.   *Hardy* v. *Mun-
roe*, 127 Mass. 64.   The right to maintain trover depends
upon the right to immediate possession, and would not exist
in the plaintiff until the lien was discharged.   *Wright* v.
*Frank A. Andrews Co.* 212 Mass. 186.   The lien could have
been discharged by a valid tender of the amount due, or by
giving bond under G. L. c. 255, §§ 33, 34.   There is no evi-
dence of either.

At common law no action of replevin could have been
maintained in such a case, *Fowler* v. *Parsons*, 143 Mass. 401;
because the right of the plaintiff to immediate possession is
as essential in replevin as in trover.   By St. 1920, c. 590,
now embodied in G. L. c. 255, however, a right to replevin
is given where property exceeding $20 in value is detained
under a claim of lien and the contract under which the claim
arises does not specifically state in writing the aggregate
amount of the charges to accrue for the services or materials
to be furnished (§ 36).

The plaintiff contends that since the right to replevy rests
upon the right to immediate possession, it must be that one
given a right to replevy has a right to immediate possession,
and, having such a right, can maintain trover.   The argu-
ment is not sound.   The right to immediate possession
given by the statute is a different right from that given by
the common law.   The former depends upon compliance
with the statute; the latter upon the termination of the lien
by payment, or its equivalent, a valid tender.   It cannot be
supposed that the Legislature intended to put an end to the
possessory right of a bailee holding a valid lien, by giving to
the owner or bailor a right to sue in replevin.   That owner

or bailor must establish his right in the replevin proceedings. He does not establish his right to immediate possession simply by suing out his replevin writ and procuring its service; and is not, thereupon, entitled to proceed in tort for conversion as one whose right to immediate possession can no longer be questioned.

The judge was right in ruling, as he did in substance, that the statute giving a right to replevy in certain circumstances does not also, by implication, confer a right to sue in trover for conversion, if those circumstances occur. All his rulings were correct.

*Order dismissing report affirmed.*