DELIA DUCHARME *vs.* COE MOTORS INC.

GERMAINE DUCHARME *vs.* SAME.

Worcester.    January 16, 1931. — March 3, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Amendment, Requests, rulings and instructions. *Motor Vehicle,* Registration. *Nuisance.*

The mere fact that the plaintiff, in an action against a corporation for personal injuries suffered in a collision with an automobile driven by the defendant's president, had lost his right to begin an action against the president by lapse of time, did not make erroneous the allowance of an amendment to the defendant corporation's answer, which originally set up merely a general denial and allegation of contributory negligence of the plaintiff, by adding an allegation that the driver of the automobile was not a servant or agent of the defendant acting within the scope of his authority at the time of the collision.

In the declaration in the action above described, the plaintiff alleged merely negligence of the defendant, its agents or servants in the operation of the automobile. Evidence at the trial was to the effect that the driver of the automobile was president of the defendant, as well as a salesman for it and its sales manager; that the automobile was owned by him; that the defendant corporation was a dealer in automobiles entitled to hold the general distinguishing number or mark issued to it as such dealer, with the right to cause or permit dealers' plates to be attached to motor vehicles in its control; that the automobile had been used in the defendant's business, kept in its garage, and was in its control as a dealer; that at the time of the injury to the plaintiff, it bore the defendant's dealer's number plates, issued to it under G. L. c. 90, § 5, as amended by St. 1923, c. 464, § 2; and that the president was operating the automobile for his own purposes. The judge refused to grant a request by the plaintiff for a ruling, "When the president of a corporation operates his own car, which is taken from the showroom or storeroom of said corporation, for his own purposes, bearing the corporation's dealer's registration plates, it presents an inference for the jury which they may consider, that the corporation permitted the individual to use those plates and

thereby assisted in creating a nuisance on the highway for which they were liable for injuries received therefrom, without proof that the person operating the vehicle was negligent." *Held,* that

(1) There being no allegation in the declaration respecting main-- tenance of a nuisance, the request properly was refused by reason of the state of the pleadings;

(2) Apart from the pleadings, the request properly was refused, since the automobile might have been found to have been in the control of the defendant, and, if so, in the circumstances it properly bore the defendant's number plates even though it was owned by the president and sales manager and on the day in question was being operated by him for purposes of his own.

Two ACTIONS OF TORT for personal injuries. Writs dated May 18, 1928.

In the Superior Court, the actions were tried together before *Beaudreau,* J. Material evidence and rulings by the trial judge are stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*E. A. Ryan,* for the plaintiffs.

*J. C. McDonald,* for the defendant.

SANDERSON, J. These are actions of tort for personal injuries sustained by the plaintiffs in April, 1928, while riding as guests of the driver in an automobile which was in collision with a motor vehicle operated by Clement E. Jones, president of the defendant, as well as a salesman for it and its sales manager. The jury found for the defendant.

The plaintiffs each saved two exceptions: one, to the allowance on May 9, 1930, of an amendment to the answers which, as originally filed, were general denials alleging also contributory negligence of the plaintiffs, and, as amended, set up the further defence that the driver of the automobile was not acting within the scope of his employment for the defendant at the time of the accident, that the relation between him and the defendant was not that of agent and principal or master and servant, and that the relation of agency as between Jones and the defendant did not exist at the time. The contention of the plaintiffs in regard to this matter is that their rights were prejudiced by the allowance of the amendments at the

time they were made. The question whether the amendment should be allowed was within the discretion of the trial judge. G. L. c. 231, § 51. *Aronson* v. *Nurenberg*, 218 Mass. 376, 377. *Beacon Motor Car Co.* v. *Shadman*, 226 Mass. 570, 578. *Durfee* v. *Kelly*, 228 Mass. 571, 573, 574. *Pearson* v. *Bara*, 263 Mass. 502, 504. *Johnson* v. *Carroll*, 272 Mass. 134. The fact that the plaintiffs had then lost their right to begin an action against the operator of the motor vehicle could not affect the validity of the action of the judge.

The other exception was to the refusal of the judge to rule: "When the president of a corporation operates his own car, which is taken from the showroom or storeroom of said corporation, for his own purposes, bearing the corporation's dealer's registration plates, it presents an inference for the jury which they may consider, that the corporation permitted the individual to use those plates and thereby assisted in creating a nuisance on the highway for which they were liable for injuries received therefrom, without proof that the person operating the vehicle was negligent." The record states: "The defendant's automobile was registered in the name of the defendant corporation, bearing dealer's plates number D71J. But the defendant's automobile was owned by the operator, Clement E. Jones, and purchased with his personal check. On the day of the accident, both automobiles were being operated in the same direction on Commonwealth Avenue, going westerly. The defendant's automobile was in advance of the car in which the plaintiffs were riding. As the defendant's automobile made a left hand turn to enter Armory Street, it collided with the car in which the plaintiffs were riding, injuring the plaintiffs." Jones, called as a witness in behalf of the defendant, gave testimony to the effect that the car he was driving on the day of the accident bore plates with the dealer's number assigned to the defendant and used on its automobiles in connection with its business; that this automobile was owned, purchased and paid for by him and he placed the

number plates upon it; that previously it had been used and at the time of the accident was being used in connection with the defendant's business. He testified that as president of the company he permitted himself as an individual to operate the car on this day on an errand both for business and for personal pleasure. The record does not disclose by whom inquiries eliciting this testimony were made, but it does appear that in reply to questions by counsel for the plaintiff the witness testified that he had purchased the car from a customer of the defendant; that he supervised the sales and management of the cars of the defendant; that he took the automobile on the day in question exclusively for a personal pleasure ride knowing it was the company's car with the dealer's number plates of the company upon it; that on that day he was " on business, looking for business," having in mind as a part of the purpose of his trip that day a woman as a prospective purchaser who was discussing with him the purchase of an automobile.

The request might properly have been denied even if it were a correct statement of law, because the declarations were based solely on negligence of the defendant, its agents or servants in the operation of the automobile and the request related to a liability based solely on assisting in maintaining a nuisance. *Duggan* v. *Woodis,* 246 Mass. 431, 434.

But if the declaration had been so drawn that recovery might be had if the plaintiffs could prove that the defendant assisted in maintaining a nuisance, the ruling could not rightly have been given. On this theory of the case, the burden was on the plaintiffs to prove that the motor vehicle was not properly registered. Upon the evidence the defendant could be found to be a dealer in automobiles entitled to hold the general distinguishing number or mark issued to it as such dealer, with the right to cause or permit dealers' plates to be attached to motor vehicles in its control. Such motor vehicles when operated with these number plates attached are by virtue

of the statute "regarded as registered under such general distinguishing number or mark until sold or let for hire or loaned for a period of more than five successive days." G. L. c. 90, § 5, as amended by St. 1923, c. 464, § 2 (see St. 1929, c. 238, § 1). The evidence herein referred to, although in some respects confused and contradictory in its nature, would justify a finding that the automobile had been used in the defendant's business, kept in its garage, and was in its control as a dealer within the meaning of the statute last referred to. If so controlled it could be found to be legally registered when operated on a public way, bearing the number plates of the defendant as dealer, even though it was owned by Jones, its president and sales manager, and on the day in question was being operated by him for purposes of his own. *Holland* v. *Boston,* 213 Mass. 560, 562. *Koonovsky* v. *Quellette,* 226 Mass. 474, 477. Because of the terms of the statute a motor vehicle controlled by a dealer and bearing the dealer's number plates does not become an unregistered automobile on the highway when loaned for a single day to be operated for the personal pleasure or convenience of the borrower, whether he be the owner or someone else. *De Simone* v. *Barr,* 254 Mass. 79, 81, 82. *Pierce* v. *Hutchinson,* 241 Mass. 557. If the corporation permitted Jones to use its number plates on the motor vehicle and he took it for his own purposes, it would not follow that the defendant thereby assisted in creating a nuisance on the highway with a consequent liability for injuries arising therefrom without proof of negligence. The refusal of the trial judge to give the ruling requested was right. No exception was saved to the charge. The case of *O'Halleron* v. *Miller,* 274 Mass. 508, is distinguishable in its facts.

*Exceptions overruled.*