Mason, J.
These two actions were tried together. In the case against John Trotto the plaintiff seeks to recover for personal injuries alleged to have been sustained by reason of the negligent and improper operation of a truck belonging to said John Trotto and operated by his servant, or agent. The case against Frank 0. Trotto is for the same cause, Frank 0. Trotto having been the driver of the truck at the time of the injuries.
The defendant John Trotto was the owner of a sand and gravel pit. On his premises there was a platform five or ■six feet above the ground. Beneath this platform there were three or four concrete partitions supporting the platform and dividing the space beneath the platform into stalls. At the time in question another concrete wall was" under construction to provide an additional stall, and part of the platform was held up by temporary wooden supports. A truck belonging to the defendant, John Trotto, and driven by his son, the defendant, Frank 0. Trotto, was *239 being backed into the stall under this platform. The truck ¡struck a stone ¡and was thrown against the wooden support of the platform, causing the platform to fall, and causing injuries to the plaintiff who was at that time upon the platform. This platform was twelve or fifteen feet from the highway. In order to back the truck into the desired position the defendant, Frank 0. Trotto, had driven it upon the highway, and the front part of the truck was still on the highway when the rear of the truck struck the support of the platform and caused the injuries which are the basis of this action.
Against the objection of the defendants the plaintiff was allowed to introduce evidence that the truck was not properly registered.
The defendants duly filed the following requests for rulings — ■
1. The plaintiff, in coming to the defendant’s premises for the purpose of seeking work for him, the plaintiff, was on the defendant’s premises as a licensee.
2. The plaintiff, in climbing onto the wooden platform of the defendant on the defendant’s premises, having been informed while on the ground that there was no work for him, was on the wooden platform as a licensee.
3. The plaintiff, in climbing on the wooden platform after having been informed by the defendant’s foreman that there was no work for him, did so upon his own volition and for his own purposes solely, and while on said platform was no more than a licensee.
4. The duty owed by the defendant to the plaintiff as a licensee was to refrain from willful, wanton and reckless misconduct to the plaintiff.
5. There is no evidence of willful, wanton or reckless misconduct on the part of either defendant toward the plaintiff.
6. The motor vehicle ¡of the defendant was properly registered under a trade name.
*240 7. The question of whether the defendant’s truck was properly registered or not is immaterial in this case as the accident occurred upon the defendant’s premises, not upon any public way.
8. The defendant at the time of the accident was operating his truck with the care required of an ordinary, reasonable and prudent person under the circumstances.
9. Upon all the evidence there was no negligence on the part of either defendant in the operation of the defendant’s truck.
10. The plaintiff cannot recover in this ease without proving that the defendants, or either of them, were guilty of willful, wanton or reckless misconduct.
11. The plaintiff cannot recover in this case even if the defendant’s,truck was illegally registered, without proving that the defendants, or either of them, were guilty of willful, wanton or reckless misconduct toward him, since the accident happened on the premises of the defendant.
12. Upon all the evidence the plaintiff at the time the accident happened to him was in the employ of the defendant, John Trotto.
The Trial Court filed a statement of findings and rulings. This contained a recital of the evidence, and then concluded as follows:
“Upon all the evidence, I find that the defendant’s truck was improperly registered and so a trespasser on the highway. I find that at least part of the defendant’s truck was within the highway at the time the rear of the truck collided with the loading platform upon which the plaintiff was. I find that the plaintiff had gone to the defendant’s premises in search of employment; that he was informed by the defendant’s foreman that there was no work for him; that thereafter the plaintiff climbed up on the mixer platform for the purpose of talking with his son; that the plaintiff went onto the platform at his own volition and not at the request of the defendant’s foreman; that the plaintiff *241 was injured while standing on the said mixer platform by reason of the defendant’s truck backing into said platform and knocking the underpinning from said platform; that the speed of the truck that was backing up was approximately two or three miles per hour; that the truck while being backed up to the platform backed up on a boulder in the ground and that the rear wheel of the truck slid off the said boulder and collided with the platform; that the defendant knew or ought to have known of the presence of this stone or boulder and of its location in reference to the platform. I find that the plaintiff at the time of the accident was a licensee upon the defendant’s premises. I find that the operator of the defendant’s truck was negligent. I find that the injuries to the plaintiff were caused directly by the operation of the defendant’s improperly registered truck, and that the said truck at the time of the injuries was partly in the highway. (See Evans vs. Rice, 238 Mass, at pages 320 and 321.) I find for the plaintiff and assess damages in the amount of Four Thousand ($4000.) Dollars.
“At the close of the evidence, and before arguments, certain Bequests for Bulings of Law were filed by the defendant. I rule as requested by the defendant in Bequests, 1, 2, 3, 4, and 5. I decline to rule as requested in Bequests #6, 7, 8, 9,10, 11, and 12 as said Bequests are inconsistent with the evidence and with the facts as found by me upon the evidence.”
The first question raised is as to the admission of evidence of the registration of the truck. We understand that the defendants object to the admission of any evidence tending to prove that the truck was not legally registered, and that their objection is not to the mode of establishing that fact.
There is no allegation in either declaration that this truck was improperly registered, or that it was a trespasser, a *242 nuisance or an outlaw. The plaintiff’s claim is based solely on negligence. These two causes of action are distinct. The case of Duggan v. Woodis, 246 Mass. 431, is decisive on this point. In that case the plaintiff argued that he could recover because the defendant’s automobile was not legally registered. It is there said at page 434—
“The question presented by the present argument is not shown by the record to have been raised by any specific request for findings or rulings. The declaration contains only the counts above set forth. In this state of the record it must be presumed that the rulings of the judge were made with reference to the state of the pleadings; and that the only quéstion raised upon the record is, was there any evidence of negligence of the defendant, or of his agents or servants of the kind alleged in the declaration?”
In Ducharme v. Coe Motors, Inc., 275 Mass. 69, at page 72, the Court in dealing with a request- to rule that the car was not duly registered because of an alleged unlawful use of certain number plates said — “The request might properly have been denied even if it were a correct statement of law, because the declarations were based only on negligence of the defendant, its agents or servants in the operation of the automobile and the request related to a liability based solely on assisting in maintaining a nuisance.”
The admission of this evidence was.prejudicial error.
The defendants’ seventh request for a ruling was as follows — “The question of whether the defendant’s truck was properly registered or not is immaterial in this case, as the accident occurred upon the defendant’s premises, not upon any public way.”
This request should have been granted for the reasons already stated in discussing the question of evidence. But, aside from any question of evidence or of pleading, it was immaterial in this case whether the truck was legally reg *243 istered or not. Registration was not required f or operation on land outside of the public way. The truck was not a trespasser or a nuisance on the land of the defendant, John Trotto.
- The leading case on the effect of lack of legal registration of a motor vehicle is Dudley v. Northampton Street Railway Co., 202 Mass. 443. In that case at page 447 it is said — ‘ ‘We cannot avoid the conclusion that it was intended to safeguard persons who were lawfully using the highways from the serious risks of injury by machines of this character which were operated in defiance of the law, and the owners of which furnished no means by which they could be identified and compelled to make proper compensation for the injuries which by their violation of law or by their mere negligence they might cause to other travellers.”
This doctrine has been applied so frequently to cases of travellers upon the highway that citation of cases seems unnecessary. We have found no case where this doctrine has 'been applied to affect the rights of any person clearly outside of the highway. - In the- case we are now considering the plaintiff was a licensee upon land of the defendant, John Trotto, and was upon a platform twelve or fifteen feet from the highway, and he had not the rights of a traveller upon such highway.
The remaining question argued by the defendants is whether there was any violation of the duty which they owed to the plaintiff.
The Trial Court specifically found as a fact “the plaintiff at the time of the accident was a licensee upon the defendant’s premises.”
. The Trial Court also granted the defendants’ fourth request, which is as follows—
“The duty owed by the defendant to the plaintiff as a licensee was to refrain from willful, wanton and reckless conduct to the plaintiff.”
*244 This request is in accord with the rule laid down in numerous cases. See Statkunas v. Promboim $ Son Inc., 274 Mass. 515; Alessi v. Fitzgerald, 247 Mass. 576; Laporta v. New Fork Central Railroad Co., 224 Mass. 100; Gravelle v. New Fork, New Haven & Hartford R. R. Co., 282 Mass. 262.
The Trial Court also granted the defendants’ fifth request which is as follows—
“There is no evidence of willful, wanton or reckless misconduct on the part of either defendant toward the plaintiff.”
No exception was taken by the plaintiff to either of these rulings, and he cannot now question their correctness. See Phillips v. Director General of Railroads, 251 Mass. 263; Rand Transportation Co. v. Boston <& Maine R. R., 273 Mass. 327.
The findings for the plaintiff are absolutely inconsistent with the rulings given, and must 'be set aside, and judgment entered for the defendant in each ease.