Gadsby, J.
This is an action of tort in which the plaintiff alleges that on the 4th day of January, 1941, it had a special property in an automobile in that said automobile was in the lawful possession and control of the plaintiff for repairs by it made and to be made thereon; that on said date, while said automobile was lawfully on a public highway known as Prince Street in that part of Boston called Jamaica Plain, the defendant so carelessly and negligently operated, managed and controlled his automobile as to cause the same to collide with the automobile of the plaintiff aforesaid, thereby damaging the same, all to the plaintiff’s-, damage as alleged in its writ. The answer of the defendant was a general denial and further that the damage was caused in whole or in part by the plaintiff or a person for whose conduct the plaintiff was legally responsible.
It appeared that one Rudolph Meunier in December, 1940, brought an automobile to the place of business of the *403 plaintiff corporation in order to have the motor overhauled. Nothing was said as to who was the owner of said car, but as far as the plaintiff’s company knew it assumed that Meunier was the owner. As a matter of fact, the car was registered in the name of the mother of Meunier.
One Harry Rif chin, the president of the plaintiff corporation testified that on January 4,1941, Meunier came to the place of business of the plaintiff corporation and inquired if the work on the car was completed; that he was informed by the said Rdf chin that it was completed except for minor adjustments. Meunier asked the said Rif chin if he could try the car out before paying for it; said Rif chin told Meunier that it would please him, Rif chin, greatly if the plaintiff would try it out to see how it ran for his, Rifchin’s, satisfaction as well, and that he further told Meunier that he wanted the car back within an hour to complete any further adjustments; that there were no registration plates on the car; that he, Rif chin put on the front of the car a registration plate and one of his employees put a similar number plate on the rear of the car; that such plates had been issued by the Registry of Motor Vehicles to the plaintiff corporation; that Meunier then took the car which later became involved in the accident.
One Laura Meunier, mother of said Meunier, testified that she owned the car which her son brought to the plaintiff corporation for repairs; that she had given her son authority to use the ear; that he had driven the car when she had occasion to ride in it; that she knew her son left it with the plaintiff to be repaired and that she left that to him; that she consented to the plaintiff bringing its present action for damages' to the car.
At the close of the trial and before the final argument, the defendant made the following requests for rulings:
1. On all the evidence the plaintiff is not entitled to recover in this action as at the time of the accident it did not *404 have any such special property in the automobile as to entitle it to recover for damages to the same. *Denied. I find that the plamtiff was the bailee of the said automobile at the time of the accident and hence is entitled to recover for its damage.
2. At the time of the alleged accident the automobile on which was being used the registration plates issued to the plaintiff was not owned by or in the control of the plaintiff. Denied. I find that the automobile was in the plaintiff’s control at the time of the accident.
3. At the time of the alleged accident the automobile for which the plaintiff seeks to recover damage was not registered as required by law and the plaintiff therefore is not entitled to recover in this action. Denied. I find and rule that the automobile was legally registered and that the defendant’s negligence was the sole cause of the accident.
4. The use of registration plates issued to a repair man is illegal unless the same are used on an automobile owned or controlled by said repair man. Grcmted.
5. The use at the time of the alleged accident on the automobile for which the plaintiff seeks to recover damage, of registration plates authorized to be used by the plaintiff, was in violation of law. Denied. I find that the automobile was irn the control of the plamtiff at the time of the accident amd that the plaintiff’s registration plates were properly attached to soAd automobile.
6. The plaintiff in violation of the law having permitted at the time of the alleged.accident the use of the number plates issued to the plaintiff on the automobile for which the plaintiff seeks to recover damages, is not entitled to recover in this action. Denied. See previous rulmgs.
The Court entered a finding for the plaintiff.
*405 The issue in this case has been narrowed down to the proposition as to whether the automobile of Meunier at the time of the alleged accident was in the control of the plaintiff so that the use on said automobile of repair plates issued to the plaintiff was legal or whether said car was not under the control of the plaintiff with the attendant result that it was illegally registered at the time of the accident.
It is clear that the plates were legally issued to the plaintiff corporation. The plates themselves are evidence of their having been rightfully issued. Koonovshy v. Quellette, 226 Mass. 474 at 476. Ducharme v. Coe Motor, Inc., 275 Mass. 69, 73.
And the burden of proving that the registration in question who illegal rested upon the defendant. Bridges v. Kart, 302 Mass. 239 at 242. Brewer v. Hayes, 285 Mass. 144 at 145.
The plaintiff corporation had a valid lien for its repairs and was in lawful possession and control of the automobile, even though it did not know that Laura Meunier and not the son was the owner. Guaranty Corporation vs. Brophy, 243 Mass. 597. Cuneo vs. Smith, 251 Mass. 399 at 400.
The lien could only be terminated by payment or tender. Gilman vs. Zirkin, 265 Mass. 372.
Or by the voluntary and unconditional relinquishment by the lienor. Wilkie vs. Day, 141 Mass. 68 at 73. Harding vs. Eldridge, 186 Mass. 39 at 42.
Gr. L. (Ter. Ed.) Chapter 90, Section 5, authorizes the issuance to repairmen of sets of plates covering motor vehicles owned or controled by them.
Whether or not the plaintiff corporation was in control of said automobile was a question of fact to be decided on all the circumstances. Ducharme vs. The Coe Motors, Inc., 275 Mass. 69 at 73. Koonovsky vs. Quellette, 226 Mass. 474 at 477.
*406 The plaintiff did not lose its lien .by permitting Meunier to take the car for the purpose of testing it before paying it with the understanding that it was to be returned within an hour. The delivery was conditional. Kellogg vs. Thompson, 142 Mass. 76 at 78. Harding vs. Eldridge, 186 Mass. 39 at 42.
Even if Meunier were the owner of the automobile, he could be found to be the agent of the plaintiff for the purpose of showing continuity of control. Marsh vs. Beraldi, 260 Mass. 225 at 230, 231.
The credibility of witnesses is purely a question of fact for the trial judge. He may have believed or disbelieved the testimony of the president of the plaintiff corporation as he saw fit.
The trial judge is not obliged to believe the plaintiff’s testimony. Lombardi vs. Forte, 226 Mass. 529 at 532. Lindenbaum vs. N. Y. N. H. & Hartford Railroad, 197 Mass. 314.
Nor is the judge under any obligation to believe the testimony of the defendant. Boston Morris Plan vs. Repetto, 269 Mass. 72 at 74.
This court does not review questions of fact. Schon vs. Odd Fellows Building Association, 255 Mass. 465 at 467.
Where on all the facts, more than one inference rationally may be drawn, the question whether the burden of proof has been sustained is one of fact and cannot be ruled as a matter of law. Ambrose vs. The Boston Elevated Railway Company, 309 Mass. 219 at 222. Mercier vs. Union Street Railway, 230 Mass. 397 at 404.
As was said in Jones vs. Clark, 272 Mass. 146 at 149,, “The duty of drawing all proper inferences from the evidence in an action at law rests upon the fact-finding tribunal. It is not function of this court to pass upon the weight of evidence including the inferences reasonably to *407 be drawn therefrom. ’’ Boucher vs. Salem Rebuilding Commission, 225 Mass. 18 at 19. Lennon vs. Cohen, 264 Mass. 414 at 426.
The general finding of the trial judge imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support. Adams vs. Dick, 226 Mass. 46 at 52. Brotkin vs. Feinberg, 265 Mass. 295 at 298.
The plaintiff was entitled to recover, in its own name, full damages especially since the owner assented to said action. Bowen vs. N. Y. Central Railroad Company, 202 Mass. 263 at 269.
In conclusion we cannot say that the finding by the trial judge was unwarranted, nor can we find any error in his disposition of the defendant’s requests for rulings of law. Therefore no prejudicial error appearing, the report is dismissed.

 The trial court’s rulings and findings on each of the defendant’s requests, for rulings are printed in italics following the request.