52

CITY OF MAUMEE *v.* PREBEG.

[Cite as Maumee v. Prebeg (1974), 41 Ohio Misc. 52.]

(No. MM 742108—Decided August 9, 1974.)

Maumee Municipal Court, Lucas County.

*Mr. Joseph J. Jankowski, Jr.*, for plaintiff.
*Mr. H. Robert Hess*, for defendant.

FULOP, J. This matter was submitted to the court on an agreed stipulation of facts. On June 10, 1974 defendant operated a motor vehicle owned by a dealer, on a street or highway within the jurisdiction of this court. The vehicle had dealer's plate No. 25 4125. Defendant was not a dealer, his agent, or employee, but rather was a daughter of an employee of the dealer. Defendant was operating this motor vehicle for a private, non-commercial use with her father's permission, who is an employee of the dealer.

The only issue to be decided here is: "Do the statutes of Ohio permit the use of dealer's plates, on a dealer's non-commercial car, when such vehicle is being operated by a family member of an employee of the dealer, for private purposes?"

There are three sections of the Ohio Revised Code that are applicable in this case, as follows:

R. C. 4503.21. "No person who is the owner or *operator* of a motor vehicle shall fail to display on the front and rear of such motor vehicle the distinctive number and reg-

istration mark * * * except that a manufacturer of motor vehicles or *dealer* therein * * * shall display on the rear only. * * *'' (Emphasis added.)

R. C. 4501.01(R) defines dealer as, ''all persons, firms and corporations regularly engaged in the business of * * * *selling, displaying, offering for sale, or dealing in motor vehicles*, at an established place of business which is used *exclusively* for the purpose of * * * *selling, displaying, offering for sale, or dealing in motor vehicles.*'' (Emphasis added.)

R. C. 4503.30. ''Any placards issued by the registrar of motor vehicles and bearing the distinctive number assigned to a * * * dealer * * * may be displayed on any motor vehicle, other than commercial cars, owned by the * * * dealer, or lawfully in the possession or control of the * * * dealer, his agent, or employee, and shall be displayed on no other motor vehicle. Such placards may be displayed on commercial cars only when such cars are in transit from * * * a dealer to a purchaser, or when such cars are being demonstrated for sale or lease, and shall not be displayed when such cars are being used for delivery, hauling, transporting, or other commercial purpose.''

There are several Attorney General opinions on this issue, which appear to reach different conclusions.

The defendant relies on 1941 O. A. G. No. 3881. The conclusion reached in that opinion is that ''under the provisions of Section 6301-1a, General Code [now R. C. 4503.-30], a passenger car owned by a dealer and bearing dealers' license plates duly assigned to such dealer may be operated by any person for any lawful purpose.'' The facts in this case however are that the operator was driving the motor vehicle with the permission of the dealer as a prospective purchaser and on his way to the bank to get funds to purchase the car.

There are at least three other Attorney General opinions on this point. The first is 1921 O. A. G. No. 2290, which concerns itself with when a dealer's license shall be issued. The opinion states that ''if a dealer's license is used for purposes other than sale, lease or other like disposition,

the driver is operating as though he had no license and is subject to fine." The opinion further states that "you are therefore advised that no use can be made of any motor car carrying a * * * dealer's license except when the car is being used for sale, lease or other like disposition." The second Attorney General opinion is 1925 O. A. G. 2763, which states that "* * * so long as a dealer, in good faith, uses a car in a manner that ordinarily can be regarded as a necessary incident to the sale thereof, he is within the authority granted him by the license. * * *"

Both of these latter two opinions are based on the last sentence of Section 6301, General Code (now R. C. 4503.27), which stated that "nothing in this section * * * shall be construed as to exempt any * * * dealer from registration or taxation in respect to any other motor vehicle of which he is the owner for any purpose other than sale, lease or other like disposition." This sentence was omitted from the present R. C. 4503.27, which merely requires a valid dealer's license according to R. C. 4517.02. "Dealer" is defined in R. C. 4501.01(R) and R. C. 4517.01(J) as all persons engaged in the business of selling, displaying, offering for sale, or dealing in motor vehicles at an established place of business which is used exclusively for the purpose of selling, displaying, offering for sale, or dealing in motor vehicles.

The third opinion, 1933 O. A. G. No. 1885, rendered on former Section 6301, General Code, states that "a person outside the dealers' employ who borrows from the dealer or his agent and operates for strictly private purposes a dealers' motor vehicle with dealers' license attached thereto violates Section 12618-2 General Code, and is subject to the penalties therein provided."

Another important factor directly relevant to an interpretation of R. C. 4503.30 is the elimination of four words from Section 6301-1 a, General Code, which stated that "any placards issued by the registrar and bearing the distinctive number assigned to a * * * dealer pursuant to Section 6301 of the General Code may be displayed on any motor vehicle, other than commercial cars owned by the * * * dealer or lawfully in the possession or control of the * * *

dealer, his agent or employee *for purpose of sale* and shall be displayed on no other vehicle." (Emphasis added.) The words "for purpose of sale" were deleted in House Bill No. 599 (1939) when Section 6301-1 a, General Code, was amended, and this amended language was adopted in R. C. 4503.30. This might explain the apparent conflict between the Attorney General opinions of 1941 and 1933. However, these words could have been eliminated from this section for reasons which are other than "for sale." The language in the definition of "dealer" talks about sale, display or dealing in motor vehicles. So that the dealer may pursue any avenue for disposing of his motor vehicles, so long as it is incident to a sale, without violating the intent of the law.

It is important to note that in R. C. 4503.21 it is mandatory that the operator of a motor vehicle shall display plates, both front and rear, and the only exception is that the dealer need display on the rear only. Two sections of the Ohio Revised Code define a "dealer" as a person, firm or corporation engaged in the selling, displaying, offering for sale, or dealing in motor vehicles.

This court holds that the intent of the Legislature in enacting R. C. 4503.30 was to allow a dealer in motor vehicles to display his distinctive registration number on motor vehicles only for selling, displaying, offering for sale or dealing in motor vehicles, and the use of such plates was never intended for private use unrelated to the dealer's business.

The defendant has argued that the second sentence of R. C. 4503.30 which states that "such placard may be displayed on commercial cars only when such cars are in transit from a manufacturer to a dealer or from a dealer to a purchaser, or when such cars are being demonstrated for sale or lease, and shall not be used for delivery, hauling, transporting, or other commercial purpose," implies that since this language does not appear in the first sentence that the legislative intent was to allow such placards to be used on private usage cars of the dealer for any lawful purpose. However, I do not read this language in that

manner. In my opinion this second sentence was included in the section because the dealer has another placard option available to him under R. C. 4503.301. This option would allow the dealer to display a "commercial car demonstration placard" not only for all purposes expressed in R. C. 4503.30, but also for delivery, hauling, transporting or any other lawful purpose. Thus, the usage of commercial cars of the dealer, was intended to be limited to the stated purposes under R. C. 4503.30.

Nowhere in the language of R. C. 4503.30 do I find any explanation of the usage of dealers' plates for private cars.

The final matter to be decided is the fact that the defendant in this case is not the dealer, his agent, or employee, she is an employee's daughter. There is nowhere to be found in the section any authorization to usage of dealers' plates by relatives of an employee. In *De Simone* v. *Barr* (1925), 254 Mass. 79, 140 N. E. 624, where defendant's automobile with dealers plates was loaned to his employee who was using it for his own pleasure, defendant was not held liable for his employee's negligence. It would be interesting to see if Maumee Lincoln Mercury would accept liability had the defendant, here, been involved in an accident for which she was at fault. In this case, it is clear that the defendant was not the dealer's agent or employee. The most defendant could have been is an agent of the dealer's employee. Therefore, I hold that she was outside the dealer's employ, and by borrowing and using a dealer's vehicle, displaying dealers plates, for private purposes, she was in violation of R. C. 4503.30.

The defendant is found guilty.