JOHN MEANEY *vs.* JOHN P. KEHOE.
JOSEPH MEANEY *vs.* SAME.

Suffolk.   March 7, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Practice, Civil*, Issues of fact, Parties. *Abatement. Pleading*, Variance.

Conflicting evidence is for the jury.

One of two persons owning a horse and wagon in common may recover for an injury to the property in a separate action, where nonjoinder of the other owner is not pleaded in abatement.

The allegations in a declaration of injury to "the plaintiff's carriage" and "the plaintiff's horse" are satisfied by proof of any interest sufficient to support an action.

TWO ACTIONS OF TORT for injuries to the person of each plaintiff and to a horse and buggy. Writ in the Municipal Court of the City of Boston dated September 25, 1900.

On appeal to the Superior Court the cases were tried before *Stevens*, J. At the close of the evidence, the defendant requested the judge to make in each action the following rulings:

1. There is no evidence of negligence on the part of the defendant. 2. The plaintiff in this action cannot recover for the injury to the horse and carriage. 3. The plaintiff cannot recover under the declaration in this action for injury to the horse and carriage, unless he was the sole owner of the horse and carriage described in the declaration. 5. There is no evidence of reasonable care on the part of the plaintiff.

There was a fourth request for a ruling which was given by the judge. He refused to give the others, and as to the second and third, instructed the jury that the claim of each plaintiff was only for his own personal injury and for half the value of the horse and buggy.

The jury returned a verdict for the plaintiff in each case for the sum of $111; and the defendant alleged exceptions.

*A. Berenson,* for the defendant.

*W. H. Brown,* (*J. F. Burke* with him,) for the plaintiffs.

HOLMES, C. J.    These are actions for injuries to person and property caused by a collision between two wagons.    According to the defendant's testimony the plaintiffs, who were driving a fast horse returning from Revere Beach, and who admitted that they had been racing, came down upon him at a wicked rate of speed and ran into him without his fault, as he was driving slowly homeward from his place of business, — a liquor saloon. The plaintiffs on the other hand testified that they were driving slowly when they saw the defendant coming toward them at a gallop, and that thereupon they drove their wagon as close to their side of the way as they could but did not succeed in escaping the defendant.    The case was as clearly and solely a case for the jury as it is possible to imagine, and we are at a loss to conceive why it should have been brought here.

When the evidence was all in, the defendant objected that the plaintiffs could not recover under the declaration unless they were the sole owners of the horse and vehicle.    It seems that the two plaintiffs owned the horse and wagon in common, but each declared separately and averred an injury to the plaintiff's person and to his horse and carriage.    If the nonjoinder of the other owner had been pleaded in abatement, it would have presented an amusing dilemma, as the injuries to the persons of the plaintiffs were torts distinct from each other and yet not to be separated from whatever claim they respectively had for injury to property.    *Braithwaite* v. *Hall,* 168 Mass. 38.    But when the evidence was in it was too late to take that objection, if there is anything in it.    *Sherman* v. *Fall River Iron Works Co.* 5 Allen, 213.    The failure to prove either plaintiff's sole ownership was not a fatal variance under a general allegation of injury to the plaintiff's property.    Without going into the learning of the discussions concerning " *sua* " in the early writs, it is accurate enough for practical purposes to say that nowadays and here the words " the plaintiff's carriage " and " the plaintiff's horse " are satisfied by proof of any interest sufficient to support an action. 1 Chitty Pl. (7th ed.) 394.    See Pub. Sts. c. 214, § 14; R. L. c. 219, § 9.                              *Exceptions overruled.*