DELBERT M. STALEY *vs.* SEAMON WILBUR.

Suffolk.    December 10, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Motor Vehicle*, Registration, Operation. *Trespass.*

A motor vehicle being operated by the owner on a public way under a registration that, unknown to the owner, contained a wrong number as the engine number, is, by reason of the provisions of G. L. c. 90, § 9, unlawfully upon the highway, and the owner cannot maintain an action of tort for damages resulting from a collision due to negligence of the defendant.

TORT, for damage to an automobile owned and operated by the plaintiff, alleged to be due to negligence of the defendant. Writ in the Municipal Court of the City of Boston dated January 6, 1926.

Rulings and facts appearing in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $88.42 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*J. J. Mulcahy & W. C. Jainsen,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

SANDERSON, J. This is an action of tort brought in the Municipal Court of the City of Boston for damage to an automobile owned by the plaintiff. The judge refused to rule that the automobile was a trespasser on the highway; and, having found for the plaintiff, reported the case. It now comes before this court on appeal by the defendant from an order by the Appellate Division dismissing the report.

The automobile, while being operated by the plaintiff, was damaged by the negligence of the defendant. Its engine number was two hundred ninety thousand, four hundred fifty-two; but on the plaintiff's registration the number given was five hundred seventy-four thousand, three hundred twenty-four. The plaintiff did not know of this error until after the accident.

Section 9 of G. L. c. 90 provides in part that "No person shall operate any motor vehicle . . . upon any way, unless such vehicle is registered in accordance with this chapter." Section 2 of that chapter provides that the application for registration "shall contain, in addition to such other particulars as may be required by the registrar, a statement of the name, place of residence and address of the applicant, with a brief description of the motor vehicle . . . including the name of the maker, the number, if any, affixed by the maker, the engine number . . . ."

In *Shapiro* v. *Lyon*, 254 Mass. 110, the owner had substituted temporary number plates for his regular registration plates, without having a permit to make that substitution (G. L. c. 90, § 6), and the court held that the operation of the automobile on a public way was unlawful.

In *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30, the plaintiff, a married woman, had caused her automobile to be registered in her maiden name. The court held that as her legal name was her name by marriage the registration was illegal and the car was a trespasser on the highway.

The correct engine number is an essential part of the description of the automobile in a chattel mortgage. *Wise* v. *Kennedy*, 248 Mass. 83. In that case the court said: "It is common knowledge, and the uncontradicted evidence shows, and the jury would have been warranted in finding, that automobiles of various mechanical designs, made by numerous manufacturers under multiform trade names, are constantly in the market for purchase and sale. And that cars of any one of the makers can be distinguished with reasonable certainty from other automobiles of the same class, only by the number by which each car is designated. . . . If the number in the mortgage is eliminated, the remainder

of the description is applicable to all Jordan cars of that class, by whomsoever owned."

One of the apparent purposes of the Legislature in requiring the engine number to be given in the application for registration was to identify the motor vehicle, and it must be held that the erroneous number on the plaintiff's registration made that registration illegal.

The requested ruling that the plaintiff was not entitled to recover because his automobile was a trespasser on the highway should have been given. The order of the Appellate Division is reversed, and judgment is to be entered for the defendant.

*So ordered.*