BARCLAY H. FARR *vs.* EDWARD A. WHITNEY.

KATHLEEN E. WATSON *vs.* SAME.

GEORGE C. WATSON *vs.* SAME.

Middlesex.   March 18, 1927.— May 27, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Bus, License, Equipment. *Negligence*, Motor vehicle, Violation of statute, Contributory, Imputed. *Wanton and Reckless Misconduct.* *Practice, Civil*, Verdict.

The mere facts, that the proprietor of a motor bus duly registered as a motor vehicle had not procured the license to operate in a certain town required by G. L. c. 159, §§ 45, 46, and did not have on his vehicle a mirror or reflector as required by G. L. c. 90, §§ 7, 9, did not as a matter of law preclude him from recovering for damages to the bus caused by negligence, but not by wanton and reckless misconduct, of the driver of another vehicle which collided with the plaintiff's bus in the town in question; such failure to comply with the statutory requirements would not preclude recovery unless it could be found to have contributed to the plaintiff's damage.

If the evidence, at the trial of actions by the proprietor of a motor bus and by a passenger therein against the driver of another vehicle which, in

passing the bus from the rear, turned in too sharply to its right, shows merely that the defendant was a competitor in business of the owner of the bus and that as he passed he jammed the wheels hard to the right, at the same time using an insulting remark and profane language, a finding that the defendant's conduct was wanton and reckless is not warranted.

The declaration in the actions above described contained two counts, the first alleging negligence of the defendant and the second alleging reckless and wilful misconduct on his part. The defendant moved for a verdict in his favor on each count. The motion was denied and the defendant alleged exceptions. The evidence warranted findings for the plaintiffs on the first counts and not on the second counts. The jury found generally for the plaintiffs. *Held*, that the exceptions must be sustained since it was not possible to ascertain on which count the verdict was returned.

In the action by the passenger in the bus above described, the plaintiff testified that he did not remember seeing any mirror. There was evidence that the plaintiff was exercising proper care for his safety, and nothing to show, even if there were negligence on the part of the driver, that this negligence was to be imputed to the plaintiff. *Held*, that it was proper to deny a motion by the defendant for a verdict in his favor on the count based on negligence.

THREE ACTIONS OF TORT, the first action by the owner of a motor bus to recover for damages to it resulting from a collision on a public highway in Ayer with a motor vehicle of the defendant; the second action was by a passenger in the bus for personal injuries resulting from the collision; and the third action was by the husband of the plaintiff in the second action for consequential damages. Writ in the first action dated March 19, 1921; that in the second action dated March 29, 1921, and that in the third action dated July 13, 1921.

In the Superior Court, the actions were tried together before *Walsh*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor as to each count in all the declarations. The motions were denied. There were general verdicts for the plaintiffs, respectively, in the sums of $500, $2,000, and $350. The defendant alleged exceptions.

*J. M. Maloney*, for the defendant.

*W. J. Patron*, for the plaintiffs Watson.

*J. D. Carney*, for the plaintiff Farr, submitted a brief.

CARROLL. J. These three actions of tort were tried together. They resulted from a collision of the defendant's

automobile with an automobile owned by the plaintiff Farr. The plaintiff Kathleen E. Watson was a passenger in Farr's automobile, and suffered personal injuries; George C. Watson's action is for expenses thereby incurred. The action of Farr *v*. Whitney is to recover for damages to the plaintiff's automobile. Both vehicles were legally registered.

In the action of Farr *v*. Whitney there was evidence that the defendant, in passing Farr's vehicle, "turned in too sharply to the right so that a nut or wedge" on the right rear wheel of the defendant's automobile came in contact with the left front hub cap of the plaintiff's machine. The plaintiff at the time was operating by his agent, on the public way, a motor vehicle for the carriage of passengers for hire. He conducted this business between fixed termini, furnishing "a means of transportation similar to that afforded by a railroad company" from the railroad station in Ayer to a point on Main Street in Groton, near the town hall. He had no license from the selectmen of Groton to run this vehicle; he had what purported to be a license from the selectmen of Ayer, which the defendant contended was invalid. It also appeared that there was no mirror or reflector attached to the plaintiff's motor vehicle.

There was evidence for the jury of the defendant's negligence. The defendant contends that as the automobile belonging to Farr was not licensed according to law to carry passengers for hire, it was a trespasser on the highway; that for this reason Farr cannot recover. As Farr had no license from the selectmen of Groton to carry passengers for hire, he could be restrained from continuing the business. G. L. c. 159, §§ 45, 46. *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178. But the fact that he did not have a license from the proper authorities to carry passengers did not make his vehicle a trespasser on the public highway within the rule laid down in *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. An unregistered automobile cannot lawfully be operated upon the public highways. It is an outlaw, with no other protection than exemption from wilful or wanton injury; G. L. c. 90, § 9; and it must be registered in compliance with the requirements of the statute. *Staley* v.

*Wilbur,* 258 Mass. 481. The plaintiff's vehicle was duly registered. If he had no license from the selectmen of Ayer or Groton, he was nevertheless entitled, if using proper care, to recover for the defendant's negligence. The violation of a criminal law does not prevent recovery, unless the violation contributes as a cause to the injury and damage. The operation of the plaintiff's vehicle was not authorized by a license from the selectmen of Groton, and if it be assumed, without deciding, that the plaintiff did not have a valid license from the selectmen of Ayer, these facts were a mere condition or circumstance and not, as matter of law, a cause contributing to the collision. A violation of a criminal statute is not a bar to recovery, except in matters to which the statute relates. It is settled law in this Commonwealth that the civil rights of a plaintiff are not affected by the failure to comply with a statute or ordinance, except when the failure to observe the law has a direct effect on his cause of action. The matters aimed at by the statute must be considered, and while criminality as a cause will prevent recovery, criminality which is a mere condition or circumstance will not have this result. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Bourne* v. *Whitman,* 209 Mass. 155. The absence of a license to operate the plaintiff's vehicle for the carriage of passengers did not prevent his recovery, unless it was found that this was a contributing cause to the damage.

What has been said applies to the absence of a mirror or reflector upon the plaintiff's automobile. G. L. c. 90, §§ 7, 9. An automobile must be registered, and the conditions requisite for a legal registration must be complied with. *Staley* v. *Wilbur, supra.* But if properly registered it has rights upon the highway, although some provision of law relating to its equipment may not have been observed. The rule in *Dudley* v. *Northampton Street Railway, supra,* is not to be extended to the present case. It might have been found if the plaintiff's automobile were equipped with a reflector, that the plaintiff's agent could have seen the defendant as he approached in time to avoid the collision; but it could not be ruled as a question of law that this was so, or that the failure to comply with the statute was a contributing cause to the

injury. The plaintiff, therefore, could recover under the first count of the declaration.

The second count in Farr *v.* Whitney alleged that in consequence of the defendant's reckless, wanton and wilful conduct, the collision occurred. A witness for the plaintiff testified that as the defendant was passing Farr's automobile, he jammed the wheels hard to the right, at the same time using an insulting remark and profane language. It also appeared that he was licensed to carry passengers in Ayer. In our opinion, the conduct of the defendant was not enough to show reckless, wanton and wilful conduct. It did not prove that he was actuated by a wanton and wilful disregard of the plaintiff's rights. It may have indicated his temper and present feeling toward the driver of the other vehicle, and a desire to place responsibility for the collision upon him; but it was not enough, even though he was a rival of the plaintiff in the business of carrying passengers, to prove the allegations of the second count. Wanton and wilful misconduct differs in kind from either simple or gross negligence. *Altman* v. *Aronson*, 231 Mass. 588, 592.

The defendant moved in writing for a directed verdict on the second count. This motion was denied. The verdict for the plaintiff was a general one. The defendant's motion for a directed verdict on this second count should have been granted. As the verdict was a general one, it cannot be determined on which count it was returned. This exception, therefore, must be sustained. *Lynch* v. *Allyn*, 160 Mass. 248. *Fairman* v. *Boston & Albany Railroad*, 169 Mass. 170. *Hagar* v. *Norton*, 188 Mass. 47, 51.

In the cases of Kathleen E. Watson and George C. Watson, the considerations already discussed are applicable. Their cases were for the consideration of the jury under the first and second counts of their declarations, alleging negligence. Mrs. Watson testified she did not remember seeing a reflector on the vehicle in which she was riding, "she did not remember seeing any mirror." Under G. L. c. 90, § 9, the neglect of an owner of an automobile to comply with § 7 of the statute is not a defence against the passenger who is not the owner or operator of the automobile, unless the passenger knew or had

cause to know that the statute was violated. There was evidence that Mrs. Watson was exercising a proper degree of care for her own safety, and there is nothing to show, even if there were negligence on the part of the driver, that this negligence was to be imputed to her. *Ingalls* v. *Lexington & Boston Street Railway,* 205 Mass. 73, 76. *Conroy* v. *Mather,* 217 Mass. 91. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262. Under the third count alleging that the defendant's vehicle was wickedly and wantonly operated, these plaintiffs could not recover for the reasons already stated. In each case the entry must be

*Exceptions sustained.*