. YOSE M. FERREIRA *vs.* VINCENT ZACCOLANTI.

Plymouth.   November 21, 1932. — November 23, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory. *Proximate Cause.*

Although, at the hearing in a district court of an action for personal injuries and property damage resulting from a collision at intersecting streets between automobiles operated, respectively, by the plaintiff and by the defendant, the evidence was conflicting and the trial judge ruled, at the request of the defendant, that the plaintiff *prima facie* was guilty of contributory negligence because the speed of his automobile was in excess of that specified by G. L. c. 90, § 17, the question, whether the plaintiff's violation of that statute was a contributing cause of the collision still was a mere question of fact; and a finding in favor of the plaintiff imported a finding of all facts necessary to the conclusion reached and permissible in any view of the evidence, and was warranted.

It further was *held* in the action above described that the general rule, that a collision between automobiles at intersecting streets presents questions of fact as to the contributory negligence of the plaintiff and the negligence of the defendant, was applicable.

TORT. Writ in the Third District Court of Plymouth dated November 5, 1930.

The action was heard in the District Court by *Feinberg,* J., who found for the plaintiff in the sum of $335. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*G. F. Garrity & W. F. Henneberry,* for the defendant.

*J. P. Vahey,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks in this action of tort to recover compensation for property damage and personal injuries alleged to have been caused through the negligence of the defendant as the result of a collision between automobiles operated respectively by the plaintiff and the defendant.   There was evidence tending to show that on an October evening the plaintiff was operating his automobile at the rate of about twenty-five miles per hour in a thickly settled community;   that the lights of both automobiles were on;   that as the plaintiff passed on his right side of the street the defendant drove his automobile out of an intersecting lane on the left of the plaintiff and struck the rear of the plaintiff's automobile, causing it to swerve, and that both automobiles then proceeded side by side apparently out of control on the wrong side of the street until in collision with another automobile.   The evidence as to details of the operation of the automobiles and the speed was conflicting.   The trial judge denied requests to the effect that there must be a finding for the defendant because the plaintiff was guilty of contributory negligence and that the automobile of the defendant reached the intersection before that of the plaintiff, but granted requests to the effect that because of the speed of the automobile of the plaintiff he was *prima facie* guilty of contributory negligence under G. L. c. 90, § 17.

Whether violation of the statute contributed to the accident was a pure question of fact on which the finding of the trial judge is justified in favor of the plaintiff.   *O'Connor* v. *Hickey,* 268 Mass. 454.   There was evidence tending to show that the sole cause of the accident was the negligence of the defendant.   The finding of the trial judge imports a finding of all facts necessary to the conclusion reached permissible in any view of the evidence.   *Lennon* v. *Cohen,* 264 Mass. 414, 426.   No error of law is disclosed.   The case falls within the general principle that a collision between automobiles at intersecting streets presents questions of fact as

to due care and contributory negligence of the plaintiff and the negligence of the defendant. *Palomebella* v. *Foss,* 277 Mass. 143. *Dodge* v. *Town Taxi, Inc., ante,* 77. *Walsh* v. *Wilson, ante,* 78.

*Order dismissing report affirmed.*