RAYMUND NOBLE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. May 15, 1934. — July 2, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory, Violation of traffic regulation. *Motor Vehicle. Proximate Cause.*

At the trial of an action of tort by the owner of a motor truck against a street railway company for damages resulting from a collision of a street car of the defendant and the plaintiff's truck at the intersection of two public ways, there was conflicting evidence as to the speed at which the two vehicles were proceeding both before and at the time of the collision, and there was evidence that when, in approaching the intersection, the front of the truck was about twenty-five feet from the rectangle formed by producing the side lines of each street across the other, the front of the street car was twenty-four or thirty feet from that rectangle; that the collision took place within the rectangle about sixty-two feet from the side from which the street car approached and twenty-three feet from the side from which the truck approached; and that the truck, which was thirty feet long, was struck about eight feet from its rear end. A verdict for the defendant was ordered. *Held,* that

(1) Owing to the conflicting testimony as to speed, it could not be demonstrated mathematically that the plaintiff had violated a municipal traffic regulation forbidding operators of motor vehicles to cross car tracks when a street car was moving within an intersection, or that he was guilty of contributory negligence as a matter of law;

(2) It was not unlawful nor negligent as a matter of law for the plaintiff to enter the rectangle of intersection while traffic was moving at his right on the farther side of the street which he was crossing, nor, after he had entered the rectangle, to slacken speed almost to a stop on the street car tracks to let that traffic pass;

(3) The questions of contributory negligence of the plaintiff and of negligence of the defendant's employees were for the jury.

It was immaterial, in the action above described, that the plaintiff was violating a regulation of the department of public works, division of highways, requiring that the owner of every motor vehicle carrying

personal property have his name plainly marked on each side of the body of the vehicle: the regulation did not bar from the highways vehicles not conforming to it, and did not appear to have any relation to the safety of travel; and the violation of it could not have been a contributory cause of the collision.

TORT.   Writ dated December 20, 1929.

In the Superior Court, the action was tried before *Greenhalge,* J.   Material evidence is described in the opinion.   A verdict for the plaintiff in the sum of $2,500 was recorded subject to leave reserved, and thereafter the judge ordered entered a verdict for the defendant.   The plaintiff alleged exceptions.

*W. F. Kane,* for the plaintiff.

*S. C. Rand,* (*R. Donaldson* with him,) for the defendant.

LUMMUS, J.   This is an action of tort for negligently causing the defendant's street car to collide with the plaintiff's large covered motor truck or moving van, thirty feet long.   The plaintiff seeks to recover for bodily injury, damage to the truck, and loss of use of the truck while it remained disabled.   For some reason, the plaintiff chose to use three counts, one for each of these three elements of damage resulting from a single wrong.   *Braithwaite* v. *Hall,* 168 Mass. 38.   *Meaney* v. *Kehoe,* 181 Mass. 424. But no question of pleading is raised.

The collision happened at the corner of Massachusetts Avenue and Tremont Street in Boston.   The former is seventy-three feet wide.   The plaintiff in his truck was travelling westerly towards Cambridge in the right hand lane, reserved for west-bound traffic, of Massachusetts Avenue.   To the left of the plaintiff was a grass plot or reservation, in the center of Massachusetts Avenue.   The street car was travelling northerly on Tremont Street, on the right hand or easterly track, going towards the business center of Boston.

Considering the point of intersection as the rectangle formed by producing the side lines of each street across the other (*Fournier* v. *Zinn,* 257 Mass. 575), the testimony was that when the front of the truck was about twenty-five feet easterly of the point of intersection, the front of the

street car was about twenty-four or thirty feet southerly of the point of intersection. From the easterly side of the point of intersection to the nearest or easterly rail was twenty-three feet. The collision took place within the point of intersection, about sixty-two feet northerly of its southerly side. The street car struck the truck about eight feet from its rear end.

The speed of the truck was variously estimated from six to fifteen miles an hour, and the speed of the street car, which made no regular stop at Massachusetts Avenue, from six to twenty miles an hour. The defendant argues that the plaintiff bound himself to a speed for the street car of twenty miles an hour, and that at that speed the plaintiff must have violated a municipal traffic regulation forbidding operators of motor vehicles to cross car tracks when a street car is moving within an intersection. But the defendant's motorman testified that the speed of the street car was only six to eight miles an hour, while the speed of the truck was twelve to fifteen miles an hour. With such conflicting testimony (see *Limoges* v. *Limoges, ante,* 260), it cannot be demonstrated mathematically that the plaintiff violated the traffic regulation, or was guilty of contributory negligence as matter of law.

It was not unlawful for the plaintiff to start to cross Tremont Street while traffic was moving southerly on the farther side of that street, nor conclusively negligent to slow down almost to a stop on the car tracks to let that traffic go by.

The case falls within the familiar class in which questions of negligence arising from a collision at an intersection of streets are for the jury. *Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430. *Daris* v. *Middlesex & Boston Street Railway,* 241 Mass. 580. *Thibeault* v. *Poole,* 283 Mass. 480, 482–483, and cases cited.

A regulation of the department of public works, division of highways, required that the owner of every motor vehicle carrying personal property shall have his name plainly marked on each side of the body of the vehicle. The plaintiff owned the truck in question, but it was marked

with his father's name. The defendant contends that that deprives the plaintiff of the right to require fellow travellers to exercise reasonable care to avoid collision, under the rule laid down in *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. See also *Farr* v. *Whitney*, 260 Mass. 193; *Widronak* v. *Lord*, 269 Mass. 238; *Cook* v. *Cole*, 273 Mass. 557; *Balian* v. *Ogassin*, 277 Mass. 525, 530; *Perry* v. *Stanfield*, 278 Mass. 563, 569, 570; *Potter* v. *Gilmore*, 282 Mass. 49; *Janusis* v. *Long*, 284 Mass. 403. The regulation in question does not bar from the highways vehicles not conforming to it, as did the statute as to the registration of automobiles considered in the *Dudley* case, just cited. The rule of that case does not apply. In an action such as this, a violation of the regulation in question could not bar the action (*Patrican* v. *Garvey, ante*, 62), or even furnish evidence of the plaintiff's contributory negligence (*Bourne* v. *Whitman*, 209 Mass. 155; *Kenyon* v. *Hathaway*, 274 Mass. 47), for the regulation does not appear to have any relation to the safety of travel, and a violation of it could not be a contributory cause of a collision. *Perry* v. *Stanfield*, 278 Mass. 563, 570, 571. See also *Wall* v. *King*, 280 Mass. 577; *Hoxie* v. *Bardwell, ante*, 121; *Conrad* v. *Mazman, ante*, 229.

> *Exceptions sustained.*
> *Verdicts returned by jury to stand.*
> *Judgment for plaintiff on those verdicts.*