SARAH FOLEY, administratrix, *vs.* JOHN H. BATES INC.

Middlesex.     April 6, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Agency,* Existence of relation, Scope of authority. *Negligence,* Invited person, Motor vehicle, Violation of law. *Motor Vehicle,* Operation, Registration, Equipment, License to operate, Dealer. *Bailment. Way,* Public: nuisance, trespass. *Nuisance. License. Pleading, Civil,* Declaration. *Practice, Civil,* Ordering verdict.

Section 85A of G. L. (Ter. Ed.) c. 231 does not make registration of an automobile *prima facie* evidence that an operator thereof other than the owner had authority from him to invite a third person to be a guest therein, and, in the absence of evidence of such authority, the owner was not liable for conscious suffering or the death of the third person resulting from negligence or gross negligence of the operator.

That possession of an automobile owned by an automobile dealer was given by him to a prospective purchaser to try out did not warrant an

inference that the prospective purchaser was authorized by the owner to invite third persons to ride in it.

Registration of a motor vehicle by a dealer under G. L. (Ter. Ed.) c. 90, § 5, remained legal while the vehicle was in the possession of a bailee for less than five days although no definite period for the bailment had been fixed.

Negligence of an automobile owner consisting of permitting it to be operated on a highway without proper brakes and by an unlicensed operator in violation of G. L. (Ter. Ed.) c. 90, §§ 7, 9, 12, must be specifically alleged in the declaration to permit recovery therefor in an action for injury caused by such operation.

A ruling granting a motion that a verdict be ordered for the defendant must be presumed to have been made with reference to the pleadings, and an exception thereto will not be sustained upon evidence and contentions by the plaintiff as to causes of action which, to be relied on, should have been, but were not, set out specifically in the declaration.

There being no statutory requirement that registration as a dealer in automobiles under G. L. (Ter. Ed.) c. 90, § 5, and receiving number plates as such shall be dependent upon compliance with G. L. (Ter. Ed.) c. 140, §§ 57, 59, as to being licensed as a dealer, an automobile operated on a highway under such a registration was not illegally registered nor a nuisance merely because of the fact that, when the dealer registered and received his number plates, he was not licensed as a dealer.

TORT, by the administratrix of the estate of Sarah B. Foley. Writ in the Superior Court dated June 11, 1931.

The action was heard by an auditor upon the original declaration and thereafter was tried before *Walsh*, J., upon a substitute declaration. At the close of the plaintiff's evidence, the defendant rested and moved that verdicts be ordered in its favor on all counts of the substitute declaration. The motion was allowed. The plaintiff alleged exceptions.

*W. E. Kane*, for the plaintiff.

*L. C. Doyle*, for the defendant.

RUGG, C.J. This is an action of tort whereby the plaintiff seeks to recover compensation for the conscious suffering and death of her intestate caused by an accident to an automobile on a public way. The deceased was riding as a guest of one Kelley in an automobile operated by him and owned by the defendant. The case was tried to a jury upon a substitute declaration, wherein were these allegations of breach of duty by the defendant as owner of the automobile:

The first three counts are for recovery of damages for the death of the plaintiff's intestate, and the last three counts are for recovery of damages for her conscious suffering. In the first count it is alleged that the automobile was registered in the name of the defendant and was operated by a person for whose conduct the defendant was legally responsible, and that the death of the plaintiff's intestate was caused by negligence of the defendant or of the person in control of the automobile. The second count is identical, except that in it gross negligence of the defendant or of the person in control of the automobile is alleged. In the third count it is alleged that the death of the plaintiff's intestate resulted because the automobile owned by the defendant was illegally registered and was permitted by the defendant to be operated on the highway, thus creating a nuisance, and was negligently operated by the person allowed by the defendant to operate it. The fourth count is identical with the second, except that it is for recovery of damages for conscious suffering. The fifth count is identical with the third, except that it is brought to recover for conscious suffering. The sixth count is the same as the third, except that it is brought to recover for conscious suffering and in it is alleged gross negligence on the part of the operator of the automobile. The case was heard by an auditor, whose findings were not final. After the filing of the auditor's report, the plaintiff was permitted to file the substitute declaration, upon which the case was tried to a jury. The evidence consisted of the report of the auditor and testimony introduced by the plaintiff. At the close of the evidence of the plaintiff, the defendant rested without offering any evidence. A motion for a directed verdict in favor of the defendant on all counts was granted subject to the exception of the plaintiff.

The defendant was a dealer in automobiles. On the day before the accident it had entrusted the automobile here involved, owned by it and bearing its dealer automobile plates, to three young men, one of whom was Kelley, for the purpose of trying it out and purchasing it if it proved satisfactory to them. Kelley was not present at that time, but his two associates took the automobile so that the three

could try it out and decide whether to buy it. The other two drove the automobile on Saturday and Sunday.

No evidence was introduced tending to show that Kelley, the operator of the automobile at the time of the accident, was an agent or servant of the defendant in operating the automobile. All the evidence tended to show that possession of the automobile was taken with the consent of the defendant by or on behalf of the three young men who intended to purchase it if satisfactory. It was found by the auditor that "Kelley was not a person for whose conduct the defendant is legally responsible. He was not an employee, servant or agent of the defendant at the time of the accident. . . . Kelley was using the defendant's automobile for his own purposes. It was not being used by him on the business of the defendant." There was no evidence to the contrary or warranting an opposite inference.

The plaintiff urges that she was entitled to go to the jury on the strength of G. L. (Ter. Ed.) c. 231, § 85A. That section provides that in all actions to recover damages for injuries to the person or for the death of a person arising out of a motor vehicle accident, evidence that at the time the motor vehicle "was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. We do not pause to inquire whether this section applies to an automobile owned by a dealer and "regarded as registered" together with other motor vehicles not owned but controlled by such dealer under the "general distinguishing number or mark" issued to him by the registrar of motor vehicles. G. L. (Ter. Ed.) c. 90, § 5. There is a distinction between registration of a motor vehicle by a dealer under that section and registration by an owner under G. L. (Ter. Ed.) c. 90, § 2. *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346. Even if it be assumed that said § 85A applies to an automobile registered as was the one here involved, the plaintiff was not entitled to recover by force of its terms. The plaintiff's intestate was riding in the automobile of the defendant at the time of the

accident as the guest of Kelley. There was no evidence that she was invited so to ride by any authorized agent or officer of the defendant. The only evidence on this point was the finding of the auditor introduced by the plaintiff to the effect that Kelley met the plaintiff's intestate and another girl and asked them if they were going home. They replied in the affirmative. Then at his suggestion they entered the automobile. They were strangers to the arrangement with the defendant whereby Kelley was in possession of the automobile. There is nothing to indicate that Kelley acted as servant or agent of the defendant in asking the plaintiff's intestate to ride with him. No authority of that nature can be implied from permission to operate the automobile. The presence of the plaintiff's intestate in the automobile created no relation between her and the defendant, except perhaps that of trespasser in its automobile, and the defendant owed her no duty except that due to one in its automobile without right. *O'Leary* v. *Fash*, 245 Mass. 123. This lack of evidence is not supplied by said § 85A. That statute does not afford prima facie evidence that the operator of the defendant's automobile was empowered to invite others to ride with him. *Bruce* v. *Hanks*, 277 Mass. 268, 272–273. The defendant was not liable for death or injuries resulting from the negligence or gross negligence of the operator of its automobile to a person riding therein without its invitation, express or implied, or that of some person authorized by it to give such invitation. *Welch* v. *O'Leary*, 287 Mass. 69, 70. The principle of *Mitchell* v. *Lonergan*, 285 Mass. 266, has no application to the facts disclosed on this record with respect to the relation between the plaintiff's intestate and the defendant. A dealer lending an automobile to a prospective purchaser to try out does not assume the same liabilities toward strangers to the transaction picked up on the street as passengers by the operator as does one engaged in the business of letting automobiles for hire toward an invitee of the person hiring such automobile in the ordinary course of business.

When the automobile was taken from the defendant by the two associates of Kelley on Saturday afternoon, nothing

was said about how many days they were to use it. If the defendant had parted with possession of the automobile for a period of five successive days, its number plates as dealer could not have been used as a protection for the automobile on the highway at the end of the period. G. L. (Ter. Ed.) c. 90, § 5. Possession of this automobile was not transferred for any definite period by the defendant. It could have reclaimed possession at any time. *Patton* v. *Babson's Statistical Organization, Inc.* 259 Mass. 424, 427. In truth, the bailees had possession of the motor vehicle here in question only a little more than twenty-four hours before the accident occurred. It was therefore protected by the number plates of the defendant during that time. *De Simone* v. *Barr*, 254 Mass. 79.*

The plaintiff contends that she was entitled to go to the jury on evidence that the brakes of the automobile were not in proper working condition and that the defendant was guilty of violation of G. L. (Ter. Ed.) c. 90, §§ 7 and 9. These sections in effect forbid an owner to permit a motor vehicle to be operated upon a highway unless equipped with brakes adequate to control its movements, conforming to the regulations of the registrar and maintained in good working order. There was no count in the declaration on which the case was tried to the jury based on violation of these sections as a ground for the defendant's liability. While there was some evidence outside the auditor's report having a tendency to show that the brakes of this motor vehicle were not perfect, the finding of the auditor was that it was provided with brakes adequate to control its movement when operated at a reasonable and lawful rate of speed, and that there was no evidence that it was not provided with the braking system required by the statute. Without

---

* The foregoing portion of the opinion apparently was addressed to an argument of the plaintiff which in substance was as follows: Since the auditor found as a fact that "nothing was said about how many days they were to use it," such indefinite time could be construed to be a period of more than five days, and to constitute "a violation of G. L. (Ter. Ed.) c. 90, § 5; and, therefore, the said automobile ceased to be legally registered. The fact that the accident occurred within five days, should not serve as protection to the registration if the loaning for an indefinite period is construed as more than five days," citing *De Simone* v. *Barr*, 254 Mass. 79, 81. — REPORTER.

reviewing that evidence in detail, it is plain that the automobile was not a trespasser on the highway. *Farr* v. *Whitney*, 260 Mass. 193.

There is nothing in the record to indicate that the condition of the brakes had any causal connection with the injuries to the plaintiff's intestate. The finding of the auditor was that, had Kelley complied with the requests of both his guests to stop the automobile, instead of increasing its speed to about fifty miles an hour going down grade, the accident would not have happened. The evidence as to the accident is found chiefly in the report of the auditor. It shows in substance that the accident was caused by the excessive speed at which the motor vehicle was driven, followed by the breaking of one of the rear wheels. Since there was no evidence that the automobile was being operated by the defendant or its agent at the time of the accident, liability growing out of violation of the statute as to brakes must be specially pleaded. See *Gordon* v. *Bedard*, 265 Mass. 408. *Bolin* v. *Corliss Co.* 262 Mass. 115. *Baggs* v. *Hirschfield*, 293 Mass. 1.

The allegations in the negligence counts reasonably construed mean that liability is based on carelessness of the person in charge of driving the automobile. There are no allegations as to the defective condition of the motor vehicle, or that it was being driven by an unlicensed person. The pleadings cannot rightly be construed as alleging negligence in operating the automobile by an agent of the defendant and an entirely different kind of negligence of the defendant consisting of violations of G. L. (Ter. Ed.) c. 90, §§ 9 and 12. Such allegations would be inconsistent with each other in that one would be based on agency and the other on personal wrongdoing by the principal in the absence of agency. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298.

The finding of the auditor was that Kelley did not have a license to operate automobiles at the time of the accident, but that this fact was not known to the defendant at the time the automobile was lent to the three young men. It is provided by G. L. (Ter. Ed.) c. 90, § 12, that "No per-

son shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do." The plaintiff contends that she was entitled to go to the jury on the ground that the defendant violated this statute. That contention cannot be supported. There is no allegation in the declaration based on violation of said § 12.

The ruling granting the motion for a directed verdict must be presumed to have been made with reference to the pleadings. It cannot be reversed if correct in the light of the allegations of the declaration. *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, 195. *Duggan* v. *Woodis*, 246 Mass. 431.

There was a finding of the auditor to the effect that the defendant was a dealer in automobiles within the meaning of that word as defined in G. L. (Ter. Ed.) c. 90, § 1; that is to say, it was "engaged principally in the business of buying, selling or exchanging motor vehicles." It was not disputed that the defendant as a dealer applied on January 1, 1931, to the registrar of motor vehicles for dealer's plates and received them, and that the automobile in question bore the number plates issued to the defendant as such dealer. G. L. (Ter. Ed.) c. 90, §§ 5, 33. The finding of the auditor was that this automobile was properly and lawfully registered at the time of the accident. It is required by G. L. (Ter. Ed.) c. 140, §§ 57, 59, that no such dealer as was the defendant "shall engage in the business of buying, selling, exchanging or assembling second hand motor vehicles or parts thereof" without a license. The plaintiff offered to prove that the defendant in 1931 did not receive such license until June 8, which was after the date of the accident, and that its license for the previous year expired on January 1, 1931. This offer of proof was excluded subject to the exception of the plaintiff. It is the contention of the plaintiff that the failure of the defendant to procure its dealer's license under G. L. (Ter. Ed.) c. 140, §§ 57, 59, until after the accident, rendered it incapable of legally making application to the registrar of motor vehicles for registration as a dealer and of lawfully

receiving number plates as such dealer, and that therefore the issuance of number plates to the defendant was illegal and afforded no protection to the automobile in question, which therefore became a trespasser and a nuisance on the highway. There is nothing in G. L. (Ter. Ed.) c. 90 relative to motor vehicles which makes registration as a dealer and receiving the number plates of a dealer dependent upon compliance with G. L. (Ter. Ed.) c. 140, §§ 57, 59, as to being licensed as a dealer. The sections last cited originated in St. 1919, c. 259. That chapter seems to have been designed primarily to prevent the sale of stolen automobiles. It contained no provisions relative to the safety of operation of automobiles on highways. Its provisions have a remote, if indeed any, relation to safety of travel on the highways. The construction for which the plaintiff contends would impose a considerable burden upon the registrar of motor vehicles to be assured that no registration plates are issued to a dealer such as the defendant unless he is also licensed as a dealer. It is significant that no questions touching this subject are on the blank applications issued by the registrar for registration as a dealer. If such had been the legislative intent, it would have been simple to enact that no registration plates should be issued to a dealer unless and until licensed as required by G. L. (Ter. Ed.) c. 140, §§ 57, 59. The failure of the defendant to be so licensed had no relation to ease of identification of the automobile in question and its owner. It has been held that failure by the owner of a motor vehicle to have a license to carry passengers did not render a motor vehicle so used a nuisance on the highway. *Farr* v. *Whitney,* 260 Mass. 193. Violation of a regulation requiring the name of the owner to be printed on certain trucks has been held not to make the offending truck a trespasser on the highway. *Noble* v. *Boston Elevated Railway,* 287 Mass. 364. See also *Conrad* v. *Mazman,* 287 Mass. 229; *Peabody* v. *Campbell,* 286 Mass. 295; *Janusis* v. *Long,* 284 Mass. 403. Although this question is close, we think that the automobile here involved was not a nuisance on the highway but was legally registered, notwithstanding the failure of the

defendant to be licensed under G. L. (Ter. Ed.) c. 140, §§ 57, 59. There was no error in the exclusion of the offer of proof of the plaintiff.

The plaintiff tried her case before the auditor upon the original declaration. Thereafter, she was permitted to file a substitute declaration broader in terms and presenting a different theory of liability of the defendant. The case was tried to the jury on that declaration. At the beginning of that trial she asked leave to file a third declaration. The trial judge denied that request. She has presented at the argument before this court still another request for leave to file a further substitute declaration with additional allegations. Evidence as to defective brakes was introduced at the trial, apparently without objection. It has been discussed in this opinion. The main defect in the plaintiff's case was that she was unable to prove the relation of agency between the defendant and the operator of the automobile to invite her intestate to ride in it, and to establish a right of her intestate as passenger in the automobile. This is not a case where the interests of justice require the allowance of another substitute or amended declaration.

*Exceptions overruled.*