Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage sustained by the plaintiff because of the negligent operation of the defendant’s motor vehicle. It was also claimed that the defendant’s motor vehicle was a trespasser upon the highway because it did not have the permit required by G. L. (Ter. Ed.) c. 90, §19. The answer of the defendant was a general .denial and contributory negligence.
*175 At the trial there was evidence tending to show that the plaintiff’s vehicle was proceeding east on Garden Street, Cambridge, at about twenty miles per hour, and just beyond the intersection of Mason Street attempted to pass to the left of the vehicle of the defendant which was proceeding in the same direction, at about ten or fifteen miles per hour; that there was at that time a milk truck proceeding in the opposite direction, at about ten or fifteen miles per hour, about one hundred feet east of the plaintiff’s vehicle; that in order to pass the defendant’s vehicle, the plaintiff was obliged to drive partly to the left of the center of the roadway; that there was not enough room to pass between the defendant’s vehicle and the truck approaching in the opposite direction, and the plaintiff’s vehicle was in collision with a piece of machinery extending out over the edge of the defendant’s vehicle, which continued to move after the plaintiff’s vehicle and the milk truck had come to a stop, causing the injuries and damage complained of.
There was also evidence that the defendant’s vehicle was being operated in violation of the provisions of G. L. (Ter. Ed.) c. 90, §19, without the permit required by said section, otherwise said vehicle was registered in accordance with the provisions of said c. 90.
Both parties seasonably filed requests for rulings. Those now of importance are the defendant’s third request, which is as follows:
“3. If the operator of the plaintiff’s vehicle went to the left of the center of the road to pass the trailer at a time when there was traffic coming in the opposite direction and there was not room for both vehicles to pass, then the operator of the plaintiff’s vehicle was contributorily negligent.”
Also the plaintiff’s first and second requests, which are as follows:
*176 “1. If any part of the defendant’s truck or trailer, including the load, was more than one hundred and two inches wide, and the defendant had no permit to operate such vehicle under G. L. Chapter 90, Section 19, the defendant was a trespasser on the highway and as such, liable to the- plaintiff for the damage and injury caused.
“2. On all the evidence the defendant has not complied with G. L. Chapter 90, Section 19, and the plaintiff is entitled to recover.”
The court found for the plaintiff and made the following rulings:
“As abstract principles of law the three above requests for rulings are correct but I do not give them in this case because I find as a fact from testimony submitted that the truck in carrying a road spreader so made that it required a permit from the public authorities under provision of General Laws, Chapter 90, Section 19, which it did not have and that this failure made it a trespasser upon the highway and therefore it had no rights except riot to be recklessly or purposely injured.”
There was ample evidence that the defendant’s truck and trailer, including the load thereon, was being operated in violation of said c. 90; §19, and the question is presented of whether the trial judge was right in ruling that the vehicle of the defendant when so operated, was a trespasser upon the highway in accordance with the rule first adopted in Dudley v. Northampton Street Railway, 202 Mass. 443; (See also Topf v. Holland, 288 Mass. 552. Lappanasse v. Loomis, 297 Mass. 290. Russell v. Holland, 309 Mass. 187, 192); or such, violation of the statute referred to was only evidence of negligence to be considered by the trial judge in his fact finding capacity in connection with other evidence in the case. Bourne v. Whitman, 209 Mass. 155, 166, 167. See also Kenyon v. Hathaway, 274 Mass. 47, 52 and cases there cited. Farr v. Whitney, 260 Mass. 193, 195. *177 Noble v. Boston Elevated Railway, 287 Mass. 364. Foley v. John H. Bates Inc., 295 Mass. 557, 565.
In the instant case the truck and trailer were properly registered. There could be no difficulty in identifying the vehicle or the owner thereof. The violation complained of was the unlawful manner in which the trailer was loaded. Even such a load may have been permitted if a permit had been obtained under said c. 90, §19, not from the register of motor vehicles but “from the board or officer having charge of the way.”
We think the case at bar falls within the rule stated in Farr v. Whitney, 260 Mass. 193, where the vehicle was properly registered but he had no license to carry passengers. There the court said at page 195:
“But the fact that he did not have a license from the proper authorities to carry passengers did not make his vehicle a trespasser on the public highway within the rule laid down in Dudley v. Northampton Street Railway, 202 Mass. 443.”
See also Cook v. Cole, 273 Mass. 557, 563, and cases cited.
In our opinion violation of said c. 90, §19, did not make the defendant’s vehicle a trespasser on the highway and the trial court was in error in ruling that it did. There could, therefore, be no recovery by the plaintiff under count II of his declaration. Whether the plaintiff himself violated any statute, particularly that requiring him to keep to the right of the middle of the travelled way; Wainwright v. Jackson, 291 Mass. 102, 103, and cases there cited; see Conrad v. Mazman, 287 Mass. 229, and cases there cited; and whether such violation was a contributing cause of the harm suffered by the plaintiff; Wainwright v. Jackson, 291 Mass. 102, at page 103; and whether the violation of said c. 90, §19, by the defendant was the sole causé of the harm *178 to the plaintiffs, were all questions of fact for the determination of the trial court. Murray v. Indursky, 266 Mass. 220, 224. See also Towle v. Morin, 295 Mass. 583, 585. Milliman v. Coulter, 301 Mass. 320, and cases there cited. Inasmuch as he did not pass upon any of these questions of fact, the case must be remanded to the trial court and a new trial ordered upon count I of the declaration.