*Northern District*

No. 4711

**MARY M. DINEEN**

v.

**CONCETTA M. FALBO**

(June 25, 1954)

*Gadsby, P. J.* This is an action of tort by writ commenced in the Third District Court of Eastern Middlesex in which the plaintiff claimed personal injury by reason of the negligence of the defendant who closed the door of the automobile on the plain-

tiff's hand. The defendant answered with a general denial and a specific answer of contributory negligence.

The trial judge (Morris, J.) made the following findings of fact:

I find that both the plaintiff and defendant were passengers in an automobile owned and operated by a third person, the defendant's sister. On June 4, 1952 both accompanied the driver to the South Station railroad terminal with other passengers including one who was being taken there to get on a train. The plaintiff was in the front seat with the driver. The defendant was one of several passengers in the rear seat. The operator of the car pulled up at the South Station, stopped the vehicle, left it by the front door on her (the left hand) side of the automobile and proceeded to the rear to take luggage from the trunk. The plaintiff remained in the right front seat of the car. She had no intention of getting out. The defendant and other passengers left the rear of the car. As the defendant stood outside the car she noticed that the rear right door was open. She also noticed that a sweater was lying in the rear of the car. She said something to the effect, "Whose sweater is that?" This question was asked in a loud voice and apparently directed to no one in particular.

The plaintiff assuming that it was made to her, turned about in the front seat to look in the rear. To assist her movements she placed her left hand on the frame work of the car body in such a position that if the open right rear door were closed it would strike some of the fingers of that hand.

It was a hot day. The plaintiff had the right front door open although she had no intention of getting out. She had opened it to cool off the interior of the car with a free circulation of air. I infer that she reasonably assumed that the rear right door was standing open for the same purpose and would continue to remain open.

When the plaintiff's hand was in the position de-

scribed, the defendant, without observing the position of the plaintiff, and without noticing whether or not the sudden closing of the door might cause injury to anyone, slammed the door.

It caught the plaintiff's third and fourth finger of the left hand. Both fingers were made to bleed. A bone or bones in one of the fingers were claimed to be 'broken'.

The plaintiff was given first aid at the South Station. On returning home she sought and obtained medical aid. Her finger was put in a splint and her arm in a sling. She saw a doctor about ten times. She was handicapped for a matter of three to five weeks in performing her household duties and managing the dog kennel which she operates for a living. During this period, she received assistance in both activities from a neighbor to whom she paid $25.00 in total. No evidence of the amount of her medical bills was heard and no doctor testified. At the time of trial one of the two fingers involved appeared to be slightly deformed and she claimed that its tip was numb.

On the basis of the foregoing specific findings of fact and on all the evidence in the case, I find and rule that the defendant's negligent (but not grossly negligent) conduct caused an accident to the plaintiff, to which no negligence on the part of the plaintiff contributed, and which injured the plaintiff personally to her damage in the amount of $185.00."

The defendant also made the following requests for rulings of law:

1. Upon all the evidence the plaintiff was not in the exercise of due care. *Denied.*

2. Upon all the evidence the plaintiff was guilty of contributory negligence. *Denied.*

3. The evidence warrants a finding that the plaintiff in putting her hand in a door jam at a time when she could reasonably expect that the door of the motor vehicle would be closed is guilty of contribu-

tory negligence. *Inapplicable to facts found and therefore, denied.*

4. The act of closing the door is an act of operation of a motor vehicle. *Denied as to the facts of this case as found.*

5. The act of stopping a motor vehicle, opening the rear door, allowing a passenger to alight at the consummation of which the passenger closes the door from which she alighted is an operation of a motor vehicle within the meaning of the laws of the Commonwealth of Massachusetts. *Denied as to the facts of this case as found.*

6. The plaintiff was a gratuitous passenger in the motor vehicle in which she was riding. *Allowed.*

7. The only duty which the defendant owed the plaintiff under the relationship between the parties as submitted by the evidence in this case was to refrain from gross negligence. *Denied.*

Whether or not the defendant was negligent and the plaintiff guilty of contributory negligence are questions of fact for the determination of the trial judge upon a consideration of all the evidence. *Callahan v. The Fleischman Co.*, 262 Mass. 437.

It can rarely be ruled as a matter of law that the burden of proof has been sustained, especially when, as in these cases, "the attempt to sustain that the burden rests upon oral testimony introduced by the party upon whom the burden rests." *McDonough v. Met. Life Ins. Co.*, 228 Mass. 450, 452.

There is in the instant case no question of gross negligence involved since the relationship between the plaintiff and defendant is not that of guest and host. Both were guests of a third party. The issue presented merely is that of the negligence of the defendant and the contributory negligence of the plaintiff.

*Massaletti v. Fitzroy*, 228 Mass. 487, has no application to the case at bar. The plaintiff does not have to prove gross negligence since he was not a guest of the defendant.

The question of negligence and contributory negligence present questions of fact. *Mahoney v. Norcross,* 284 Mass. 153; *Ferreira v. Zaccolanti,* 281 Mass. 91, 92; *Noble v. Bos. El. Ry.,* 287 Mass. 364.

The burden is on the defendant by statute to prove affirmatively that the plaintiff failed to exercise due care. G. L. c. 231, §85. It rarely can be ruled as a matter of law that the defendant has sustained that burden. *Dubois v. Powdrell,* 271 Mass. 394 at 396.

The finding of fact by the trial judge that the defendant was negligent and the plaintiff was not guilty of contributory negligence rendered his denial of the defendant's requests proper since they became inapplicable in view of the specific findings of fact made by the trial judge. *Report Dismissed.*

Paul P. O'Connor, for the plaintiff.

Joseph A. DeGuglielmo, for the defendant.