*Northern District*

No. 4721

## HEALER MOTORS, Inc.
v.
## PETER MERCOGLIANO

(August 5, 1954)

*Gadsby, P. J.* This is an action of contract or tort by the plaintiff, an automobile dealer in the business of repairing automobiles, by which plaintiff seeks to recover property damages to his (its) automobile due to the negligent operation of the automobile by the defendant while in a collision with the automobile of a third party. The plaintiff loaned to defendant the use of one of its automobiles together with dealer's license plates that were on the automobile in the interim while the automobile of the defendant was being repaired by the plaintiff.

The defendant filed an answer of general denial and a denial that defendant had entered into any agreement for the hire of an automobile from the plaintiff.

The Court [McWalter, J.] allowed defendant to amend his answer by adding the defense of illegal registration and nuisance.

The report states there was evidence tending to show that the plaintiff was an automobile dealer; that the defendant left a motor vehicle with the plaintiff for the purpose of having it repaired; that in the interim the plaintiff loaned the use of one of its motor vehicles to the defendant together with the dealer's plates which were on said motor vehicle; that on the sixth day after the defendant had the motor vehicle he was in an accident with another motor vehicle and the plaintiff's motor vehicle was damaged to the extent of $350.19; that the defendant was negligent and that his negligence was the sole cause of the accident.

The plaintiff at the trial duly filed the following requests for ruling of law:

1. The evidence is sufficient to warrant a finding for the plaintiff.

6. The owner of a motor vehicle is entitled to recover for property damages to his (its) motor vehicle if the bailee of said motor vehicle is negligent in its operation and as a result thereof damages said motor vehicle.

"The Court allowed the plaintiff's requests for ruling of law number 1 and number 6 as above stated."

The Court found the following facts:

"I find from all credible evidence that the defendant was negligent and his negligence was the sole cause of the accident. I further find as a fact and as a matter of law from all the evidence that the motor vehicle was owned by the plaintiff and was operated by the defendant, was loaned by the plaintiff to the defendant, and for a period of more than five successive days in violation of G. L. Chap. 90, Sec. 5, and therefore was a trespasser on the highway at the time of the accident. I therefore find for the defendant. I further find that if the plaintiff should be entitled to recover then the amount of such recovery should be in the sum of $350.19."

The plaintiff duly filed a motion for a new trial. At the hearing the plaintiff duly filed requests for rulings of law. The Court denied plaintiff's motion for a new trial.

The report states that "the plaintiff claiming to be aggrieved by the action of the Court in denying the plaintiff's motion for a new trial, I hereby report the same to the Appellate Division for determination."

The plaintiff claimed to be aggrieved by the action and rulings of the Court on the plaintiff's requests for rulings made in re the plaintiff's motion for a new trial, as follows:

1. The Court having found that the defendant was negligent and his negligence was the sole cause of the accident, a finding for the plaintiff is required. *Ruling by Court*: "Allowed but I further found as a fact in the original case that the plaintiff's automobile was being operated in violation of Chapter 90, Section 5, and therefore, was illegally registered and was a trespasser on the highway, and, therefore, the plaintiff could not recover."

2. The evidence is not sufficient to warrant a finding for the defendant.

*Ruling by Court*: "Denied."

4. The finding for the defendant is contrary to law.

*Ruling by Court*: "Denied."

5. There is a variance between the findings and rulings made by the Court.

*Ruling by Court*: "Denied."

6. There is an inconsistency between the findings and rulings made by the Court, in that:

(a) The Court finds that "the defendant was negligent and his negligence was the sole cause of the accident."

(b) The Court allows the plaintiff's request for ruling, number 1, to wit: "The evidence is sufficient to warrant a finding for the plaintiff."

(c) The Court allows the plaintiff's request for ruling, number 6, to wit: "The owner of a motor vehicle is entitled to recover for property damage to his (or its) motor vehicle if the bailee of said motor vehicle is negligent in its operation and as a result thereof damages said motor vehicle."

(d) The Court finds for the defendant.

*Ruling by Court*:

6. (a) Allowed but I further found that the plaintiff's motor vehicle was illegally registered and was in violation of Chapter 90, Section 5, and, therefore, a trespasser on the highway.

(b) "Denied."

(c) Allowed but I found that the plaintiff's automobile was being operated in violation of Chap. 90, Sec. 5, and therefore was illegally registered and was a trespasser on the highway.

(d) "Denied."

7. The bailee of an illegally registered motor vehicle is liable to the bailor for negligence.

*Ruling by Court*: "Denied."

8. The bailee of a motor vehicle, having knowledge of facts which result in making said motor vehicle

illegally registered and a trespasser on the highway, cannot set up illegal registration as a defense in an action against him by the bailor for negligence. *Ruling by Court*: "Denied."

9. The owner of a motor vehicle is entitled to recover for property damage to his (or its) motor vehicle if the bailee of said motor vehicle is negligent in its operation and as a result thereof damages said motor vehicle, whether said motor vehicle is illegally registered at the time of the accident or not. *Ruling by Court*; "Denied."

10. The fact that a motor vehicle is illegally registered and a trespasser on the highway is a mere condition and not a contributing cause of an accident and is not a defense to an action by a bailor against a bailee for negligence as a result of which the bailor's motor vehicle is damaged. *Ruling by Court*: "Denied."

11. Where the bailee of a motor vehicle bearing dealer's plates operates the motor vehicle for a period of more than five successive days in violation of G. L. Chap. 90, Sec. 5, so that the motor vehicle thereby becomes illegally registered and a trespasser on the highway, the illegal registration is no defense for the bailee in a suit against him by the bailor for negligence as a result of which the bailor's motor vehicle is damaged. *Ruling by Court*: "Denied."

I hereby report the same to the Appellate Division for determination.

(s)   Maurice McWalter

Justice

The facts may be summarized briefly as follows:

The plaintiff bailor, an automobile dealer, gave the defendant bailee the use of his motor vehicle for a period longer than the five consecutive days allowed by G. L. Chap. 90, §5. This resulted in said motor vehicle being a trespasser on the highway. *Liddell v. Middlesex Motor Co.*, 275 Mass. 346.

The precise question presented for determination is whether or not the plaintiff may recover against such defendant for damage to his automobile caused by the negligence of the defendant. The contention of the defendant is in substance, that the automobile was a trespasser on the highway and that the plaintiff could not recover for mere negligence on the part of the defendant. In substance, the defendant argues that the plaintiff having violated the statute, caused the automobile to be a trespasser on the highway and cannot recover for mere negligence of the defendant.

The fact that the plaintiff's motor vehicle was illegally registered at the time of the accident was not the proximate cause of the damage to the plaintiff's motor vehicle. It was merely a condition not a cause. See *Bourne v. Whitman,* 209 Mass. 155 at 166 and 167; *Sullivan v. Griffin,* 318 Mass. 359; *Galbraith v. Levin,* 323 Mass. 255.

Where the illegal act is not a contributing cause of the injury, but merely the occasion, the plaintiff may recover. *White v. Lang,* 128 Mass. 598; *Farr v. Whitney,* 260 Mass. 193; *Janusis v. Lang,* 284 Mass. 403.

The Court in its denial of the plaintiff's request for rulings on the motion for a new trial ruled in effect that the defendant could not be liable because the motor vehicle was a trespasser on the highway and therefore the defendant could not be liable for mere negligence but only gross negligence. We are of opinion that such was prejudicial error for the reason that this was a condition and not a cause of the accident.

The denial of the plaintiff's motion for a new trial was prejudicial error and is reversed; the finding for the defendant is vacated and in accordance with the stipulation in the report, judgment is to be entered for the plaintiff in the sum of $350.19.

Samuel E. Kaufman, for the plaintiff.

Coviello & Morelli, for the defendant.