### Northern District

No. 5181

#### GRACE E. BUTLER
v.
#### JUNE CROMARTIE, ET AL

(May 13, 1958)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to GOURDIN, SP. J., in the Municipal Court of the Roxbury District. No. 11412.

*Gadsby, P. J.* This is an action of tort to recover for personal injuries resulting from a collision of two motor vehicles, one owned and operated by the plaintiff, the other owned by the defendant June Cromartie, but operated by the defendant Joseph Cromartie. There was evidence that the Cromartie automobile was not legally registered at the time of the accident.

Under our law, the defendant's automobile, not being legally registered, was a trespasser on the highway and the plaintiff may recover, if free from fault himself, on the ground of a nuisance, even though the defendant operator was not negligent. This doctrine is unique in Massachusetts and has not found favor in other jurisdictions. The leading case of *Dudley v. Northampton St. Ry.*, 202 Mass. 443 has steadfastly been followed by our Supreme Judicial Court, even though it does not care for that doctrine.

The rescript in *Comeau v. Harrington*, 333 Mass. 768, stated, "As an original proposition, it could hardly find favor with us today." A majority of the Court felt that the termination of the rule should come from legislative rather than judicial action.

The trial judge found upon a consideration of all the evidence that the plaintiff himself was negligent.

The precise question now presented for determination is whether or not the contributory negligence of a plaintiff would bar his recovery in an action where the defendant is the owner of an illegally registered automobile. This question has been answered in the affirmative by the decision in *Brown v. Alter*, 251 Mass. 223, 224, where the Court said,

"The plaintiff as a traveller on the highway cannot recover of the defendant for damage caused by a nuisance maintained on the highway without showing that his own want of care did not directly contribute to that damage."

The plaintiff filed various requests for rulings of law, of which the following were denied by the trial judge:

5. If the Defendant, June W. Cromartie's motor vehicle was unregistered on the date of the alleged accident, the plaintiff is entitled to recover. *LaFucci v. Palladino*, 285 Mass. 240.

6. If the Defendant, June W. Cromartie's motor vehicle was unregistered at the time of the alleged accident, the Defendant, June W. Cromartie, is responsible to the Plaintiff for all injuries sustained by the Plaintiff resulting from the operation of the said Defendant's vehicle by Joseph Cromartie. *LaFucci v. Palladino*, 285 Mass. 240; *Gould v. Elder*, 219 Mass. 396; *Dean v. Leonard*, 323 Mass. 606.

7. If the Defendant, June W. Cromartie's motor vehicle was unregistered at the time of the alleged accident, the Defendant, Joseph Cromartie, is responsible to the Plaintiff for all injuries sustained by the Plaintiff. G. L. c. 90, §9; *Dean v. Leonard*, 323 Mass. 606.

8. The only duty owed by the Plaintiff to the Defendant, June W. Cromartie, was to refrain from wilful and wanton misconduct. *Farr v. Whitney*, 260 Mass. 193.

9. The only duty owed by the Plaintiff to the Defendant, Joseph Cromartie, was to refrain from wilful and wanton misconduct. *Farr v. Whitney*, 260 Mass. 193.

14. On all the evidence the Plaintiff is entitled to recover.

15. The Plaintiff was in the exercise of due care.

The trial judge has found as a fact that the plaintiff was negligent. Questions of negligence and contributory negligence are questions of fact. *Ferreira v. Zaccolanti*, 281 Mass. 91, 92; *Noble v. Boston Elev. Ry.*, 287 Mass. 364.

The finding by the trial judge that the plaintiff was negligent renders the denial of requests numbered 5, 6, 7, 8 and 9 proper, since they became inapplicable in view of the specific finding of fact made by the trial judge.

There is no error in the denial of the request number 14, because it is based on all the evidence without the required specifications.

There is no error in the denial of request number 15, because it can rarely be ruled as a matter of law that the burden of proof has been sustained, especially when, as in these cases, "the attempt to sustain that the burden rests upon oral testimony introduced by the party upon whom the burden rests." *McDonough v. Met. L. Ins. Co.*, 228 Mass. 450, 452.

Whether or not the defendant was negligent and the plaintiff guilty of contributory negligence are questions of fact for the determination of the trial judge upon a consideration of all the evidence. *Callahan v. The Fleischman Co.*, 262 Mass. 437; *Mahoney v. Norcross*, 284 Mass. 153.

There being no prejudicial error committed, the report is ordered dismissed.

Sumner Darman, for the plaintiff.
Gabriel Kantrovitz, for the defendants.